SCHOPPELREI ET AL., APPELLANTS, *v.* FRANKLIN UNIVERSITY, APPELLEE.

(No. 8720—Decided July 25, 1967.)

*Mr. Robert R. Shaw* and *Mr. Fred E. Sams,* for appellants.
*Mr. George E. Tyack,* for appellee,

TROOP, J. Four young men joined as parties plaintiff in an action against Franklin University, a corporation not for profit, at which institution they had all been students between the fall semester of 1961 and the spring semester of 1963. They allege a change in the general regulations of the university effective on or about September 9, 1964, establishing a new standard of scholarship and designed to control achievement through probation and dismissal. They maintain that the new rule was applied retroactively to them resulting in dismissal from classes. Plaintiffs urge that the method used by the defendant amounted to discrimination as respects their dismissal. The prayer is for mandatory injunctions, temporary and permanent, requiring the defendant to reinstate the plaintiffs as students and for other relief.

Defendant demurred to plaintiffs' petition on the grounds of misjoinder of parties plaintiff and that defendant is a private corporation, and the court, therefore, has no jurisdiction over its rules and regulations. The demurrer was sustained on the grounds suggested.

The entry of the court dated March 17, 1967, simply sustains the demurrer and does not dismiss the petition, which suggests that the plaintiffs may plead further. It is a question, therefore, whether there is a final appealable order. For whatever it may be worth, the court will nevertheless suggest possible answers to the questions raised.

An examination of Section 2307.191, Revised Code, is necessary to consideration of the claimed misjoinder of parties plaintiff. Attention is directed to *Ryan* v. *Mackolin* (1967), 9 Ohio App. 2d 74, in which this court applied the relatively new section and briefly commented upon the purpose of the statute. The portions of the section applicable to plaintiffs are as follows:

"(A) All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * * A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgments may be given for one or more of the plaintiffs according to their respective rights to relief * * *."

An examination of the petition of the plaintiffs and the supporting affidavits filed herein indicates a series of occurrences out of which the right to the relief sought arises. Entrance in the defendant school by virtue of a contract, payment of tuition, a change in regulations, dismissal for failure to meet the terms of the new regulations and the readmission of fellow students amounting to discrimination against the plaintiffs, are all occurences common to each of the four plaintiffs.

The right to relief sought is the same for each plaintiff arising out of the series of occurrences similar in respect to each plaintiff. There is no doubt that a question of law or fact common to all of them arises out of the claimed retroactive application of a regulation to each of them. It is equally clear that a trial court is not bound to render a like judgment as regards each and every plaintiff but may give relief to one or more plaintiffs according to their respective rights to relief.

The trial court erred in holding that the plaintiffs herein were improperly joined as parties plaintiff.

Text material and cases lead to the conclusion that private colleges and universities have the right to make regulations, establish requirements and set scholastic standards largely as the responsible governing board shall decide. Compliance with scholastic standards and disciplinary requirements are enforced within a broad range of discretion. It seems equally as well established that courts will not interfere in these matters in the absence of a clear abuse of discretion by the governing board. (54 Ohio Jurisprudence 2d 431, Section 63, and 14 Corpus Juris Secundum 1360, Section 26.) Courts must then take jurisdiction in order to determine whether there has been a clear abuse of discretion when confronted with a petition alleging such abuse or, as in the instant case in which the claim is that application of a rule resulted in discrimination against certain students, plaintiffs herein. Such an allegation implies a lack of evenhanded justice in the administration of the university regulations amounting to an abuse of discretion.

The classic case in Ohio is *Koblitz* v. *Western Reserve University* (1901), 11 C. D. 515, 21 C. C. 144. The court found that the defendant university was a private institution and, after hearing the evidence, held that the refusal to allow the young man, plaintiff in the case, to return to school was entirely proper.

The decision supports the general rule that private institutions of learning have broad discretion in making and enforcing rules and regulations. For us the decision is significant in that the court took jurisdiction and heard the complaint of the young man. Two pronouncements of the court are noted, as follows, at page 524:

"We come, then, to the conclusion that a court of chancery may be justified in this country in hearing a complaint of this character where there has been unnecessary oppression and unfair dealing, and also in a case where there has been an expulsion that violates the purposes of the trust."

And, at page 525, as follows:

"This leads us to inquire into the evidence in this case as it is presented to the court, and, in doing this, it is not our province to enter upon it with a view to ascertaining whether the college authorities were fair and right to the very letter of the law, but whether they acted with that prudence and discretion. and fairness that men circumstanced as they were generally exercise in such affairs."

The trial court had jurisdiction. The second ground upon which the demurrer was predicated is not well taken.

The order of the trial court is reversed and the cause remanded for further proceeding according to law.

*Judgment reversed.*

DUFFEY, P. J., and DUFFY, J., concur.