Gary KRASNOW et al.

v.

**VIRGINIA POLYTECHNIC INSTITUTE AND STATE UNIVERSITY et al.**

Civ. A. No. 76–0056(R).

United States District Court,
W. D. Virginia,
Roanoke Division.

May 21, 1976.

Robert P. Dwoskin, Charlottesville, Va., for petitioner.

David L. Ross, Virginia Polytechnic Institute and State University, Blacksburg, Va., and Walter H. Ryland, Asst. Atty. Gen., Richmond, Va., for respondents.

DALTON, District Judge.

Plaintiff,[1] a student at Virginia Polytechnic Institute and State University, brings this action, alleging a deprivation of *substantive* constitutional rights as a result of his prosecution under the Virginia Tech Student Life Policy, which allows defendants to take disciplinary action against students for "unlawful use or possession of drugs whether or not on university property." There is no question in this case regarding procedural due process, which plaintiff admittedly received. Plaintiff was disciplined under this section of the Student Life Policy after being placed on probation by a Virginia court pursuant to Code of Va. § 18.2–251 (1975 Repl.Vol.).

Defendants have moved to dismiss this action on the basis that the complaint fails to state a claim upon which relief can be granted. The court feels the motion is well taken and hereby grants said motion.

The court bases its decision on two substantive standards in student disciplinary cases:

5. In the field of discipline, scholastic and behavioral, an institution may estab-

---

1. Although brought as a class action, the court feels no need to certify the case as such, and therefore will not address the arguments of counsel relating to standing.

lish any standards reasonably relevant to the lawful missions, processes, and functions of the institution. It is not a lawful mission, process, or function of an institution to prohibit the exercise of a right guaranteed by the Constitution or a law of the United States to a member of the academic community in the circumstances. Therefore, such prohibitions are not reasonably relevant to any lawful mission, process or function of an institution.

6. Standards so established may apply to student behavior on *and off* the campus when relevant to any lawful mission, process, or function of the institution. By such standards of student conduct the institution may prohibit any action or omission which impairs, interferes with, or obstructs the missions, processes and functions of the institution.

Standards so established may require scholastic attainments higher than the average of the population *and may require superior ethical and moral behavior.* In establishing standards of behavior, *the institution is not limited to the standards or the forms of criminal laws.* [Emphasis added]

"General Order On Judicial Standards of Procedure and Substance In Review of Student Discipline In Tax Supported Institutions Of Higher Education." 45 F.R.D. 133, 145 (W.D.Mo., 1968) (en banc).

Plaintiff feels that subjection to the disciplinary process in operation at Virginia Tech for conduct away from campus in which there has been no adjudication of guilt [2] and no affirmative showing of any specific interest in such conduct by defendants violates his substantive due process rights. Additionally, he feels subjection to that disciplinary process based on simple possession of drugs off campus creates an unconstitutional irrebuttable presumption that said possession will detrimentally affect Virginia Tech.

The court notes that the issues in this case have been appropriately discussed in

*Paine v. Board of Regents of University of Texas Sys.*, 355 F.Supp. 199 (W.D.Tex., 1972), aff'd 474 F.2d 1397 (5th Cir., 1973). In that case a somewhat similar set of facts was under review, the primary difference being the automatic suspension requirement after a finding of conviction for possession of drugs or narcotics. Both the University of Texas and Virginia Tech have separate disciplinary regulations involving drugs and convictions of other offenses. In *Paine* rules which required automatic suspension for two years of any university student placed on probation for or finally convicted of the illegal use, possession and/or sale of a drug or narcotic and which did not provide for a hearing other than one solely to determine if the student had been finally convicted or placed on probation denied equal protection, in that students convicted of offenses, other than drug or narcotics offenses, were accorded a full dress hearing at which evidence in extenuation and mitigation could be presented and in which a flexible range of penalties could be imposed. This is not the case at Virginia Tech. A hearing is provided for violation of either the prohibition against possession of drugs or commission of other criminal offenses.

■ The *Paine* court did not reject the notion that the institution could regulate off campus activity, an acceptance of the standards quoted by this court, *supra*. This is in part a recognition that students enrolled in state supported institutions acquire a contractual right for the period of enrollment to attend, subject to compliance with scholastic and behavioral rules of the institution, and to dismissal for violation thereof, provided the dismissal was not arbitrary or capricious. *Papish v. Board of Curators of University of Missouri*, 331 F.Supp. 1321, 1323 (W.D.Mo., 1971), aff'd 464 F.2d 136 (8th Cir., 1972). Similarly, persons granted special privileges or rights under state law, such as the right to attend an institution of higher learning, may be

---

**2.** Probation pursuant to Code of Va. § 18.2–251 (1975 Repl.Vol.) indicates no adjudication of guilt if the conditions of probation are satisfac-

torily performed, which they have been in this case.

required to possess and exhibit superior moral standards, which may be set by the institution. *Id.*, at 1333. These last two tenets of law persuade the court that although subjection of plaintiff to the Virginia Tech Student Life Policy disciplinary proceedings for off campus acts which to plaintiff and even the court have little to do with university life may create an irrebuttable presumption that these acts do detrimentally affect the university, such a presumption is not constitutionally impermissible.

Therefore, defendants' Motion to Dismiss is granted and the case is ordered removed from the docket.