Gary KRASNOW et al., Appellants,

v.

The VIRGINIA POLYTECHNIC INSTI-TUTE and State of Virginia, as represented by, A. H. Krebs, acting Vice-President, et al., Appellees.

No. 76–1899.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 15, 1977.

Decided March 21, 1977.

Robert P. Dwoskin, Charlottesville, Va., for appellants.

Walter H. Ryland, Asst. Atty. Gen., Richmond, Va. (Andrew P. Miller, Atty. Gen. of Virginia, Richmond, Va., David L. Ross, Sp. Asst. Atty. Gen., Blacksburg, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, WINTER, Circuit Judge, and COPENHAVER,* District Judge.

PER CURIAM:

The plaintiffs, Gary Krasnow, Gregory Brown, Hunter Lee Barnes and Gregory Joseph Courles filed a class action under 28 U.S.C. §§ 1331, 1343, 42 U.S.C.A. § 1983 and other sections seeking an injunction against Virginia Polytechnic's rule against the unlawful use or possession of drugs by students whether or not on university property and its rule against actions by students leading to the conviction of criminal offenses. Their complaint alleges in substance that those rules violate the due process clause of the Fourteenth Amendment because the interest of the university as an educational institution does not require that every unlawful drug use in any location be prohibited or that every criminal act in every location be prohibited. In addition to requesting an injunction against the enforcement of these rules, the plaintiffs request that the university be required to draft "more narrowly defined regulations concerning drug use by students, taking account of the type of drug and the specific relationship between the interests of the university and the actions of a given student."

The district court dismissed the complaint for failure to state a claim upon which relief can be granted. The plaintiffs appeal.

■ Although the defendants assert that the plaintiffs lack standing to bring this suit, the district court did not address the standing issue. Nor do we, for we agree with the district court that the complaint failed to state a cause of action.

At the outset, we note that none of the plaintiffs have alleged the deprivation of any constitutional rights or privileges. Plaintiff Krasnow received a 2-semester disciplinary probation as a result of his being placed on probation by a Virginia court for the unlawful possession of marijuana. Disciplinary probation merely specifies that further violations of university policy will result in immediate suspension or dismissal unless there are mitigating circumstances. Thus the university has not deprived Krasnow of any constitutional right as a result of his violation of the rule against unlawful drug possession. None of the other named plaintiffs allege any injury except the fact that they are subject to the rules. They have not shown how these rules have prevented them from engaging in any constitutionally protected activity.

■ The plaintiffs contend that the rules under consideration are unconstitutional irrebuttable presumptions because they prohibit all unlawful conduct rather than only prohibiting acts which adversely affect the university. They rely upon the Supreme Court decisions developing the irrebuttable presumption doctrine. But it is clear that the irrebuttable presumption doctrine does not apply here. The university clearly has the prerogative to determine that any unlawful possession of drugs or criminal conduct on the part of students is detrimental to the university. *See, e. g. Sword v. Fox,* 446 F.2d 1091, 1096 (4th Cir. 1971) (upholding certain university restrictions on demonstrations by students.)

There are no automatic penalties for violating these rules. Any student who violates the rules is entitled to present evidence at a hearing where there is an indi-

* Sitting by Designation.

vidual determination of appropriate sanctions. Unlike the university in *Paine v. Board of Regents,* 355 F.Supp. 199 (W.D. Texas 1972), aff'd, 474 F.2d 1397 (5th Cir. 1973), the university here does not purport to deprive a student of any right or privilege without considering evidence relevant to its determination. Thus there is no unconstitutional irrebuttable presumption. *See, e. g. Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 2470, 45 L.Ed.2d 522 (1975).

*AFFIRMED.*