KITT, APPELLANT, *v.* OHIO OPERATING ENGINEERS JOINT APPRENTICESHIP AND TRAINING COMMITTEE ET AL., APPELLEES.

(No. C-840232—Decided May 29, 1985.)

*Derek W. Gustafson* and *Michael S. Duty,* for appellant.

*Topper, Alloway, Goodman, DeLeone & Duffey, N. Victor Goodman, John J. Duffey* and *Mary K. Gilligan,* for appellees.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Pointing up the thrust of this appeal are the following assignment of error and issues advanced thereunder:

### "ASSIGNMENT

"The trial court erred to the prejudice of plaintiff-appellant in granting defendants-appellees' motion for summary judgment.

### "ISSUES

"1. A trial court commits error by granting summary judgment on the basis that the finding of a union grievance procedure is final where material issue of facts exist [*sic*] showing that the union grievance committees had decided the particular grievance prior to conducting a hearing on the grievance.

"2. A trial court commits error in granting summary judgment on the basis that a decision by a union grievance committee is unreviewable where material facts exist establishing

that the grievance committee of the union failed to follow union rules."

The factual background centers around the Ohio Operating Engineers' apprenticeship program in 1977. The precise name of the sponsoring organization seems to be Ohio Operating Engineers Joint Apprenticeship Training Committee, one of the two defendants-appellees. The other defendant-appellee is Edward E. Greenert about whom more follows. Plaintiff, Robert C. Kitt, entered the apprenticeship program in 1977. Kitt successfully proceeded through the program, reaching the status of a fourth and final year apprentice. On September 6, 1980, Kitt became involved in an altercation with Edward E. Greenert, as a result of which Greenert initiated disciplinary proceedings against Kitt which resulted in Kitt's termination from the program.

Details of the Kitt-Greenert donnybrook, which included among other feuding developments Kitt's knocking Greenert to the ground, are in essence irrelevant here. It is what occurred after the fight which is remonstrated against by appellant Kitt. Not surprisingly, Kitt's and Greenert's versions of the fray differ.

Patrick Lynch holds the position of state coordinator of the apprentice program and is an employee of the joint committee, which, at least at the time of the occurrence of the subject developments, administered an apprentice training program at six Ohio training centers. Each training center is supervised by an area joint labor-management committee which it is generally agreed may be referred to as an area committee. Greenert is the area coordinator for the Cincinnati area committee. The Cincinnati area committee and Lynch are not parties to this proceeding. After the fight, the Cincinnati area committee (although functioning only in an advisory capacity) conducted an investigation and provided Kitt a hearing in which he presented his position. The area committee then made a recommendation to the state joint committee that Kitt be terminated. The joint committee conducted a *de novo* hearing and unanimously voted to terminate Kitt's apprentice agreement.

The *de novo* hearing was held on February 11, 1981. Kitt appeared and was represented by attorney Michael S. Duty. Kitt testified, and was permitted to introduce a statement of Willie Smith. Duty, as counsel for Kitt, conducted cross-examination of witnesses. There were opening and closing statements; neither Kitt nor his attorney made any objection or criticism of the fairness of the hearing. As indicated, the joint committee voted unanimously to terminate Kitt's apprenticeship.

Subsequently — and somewhat incidentally — Kitt filed a complaint with the Ohio Civil Rights Commission alleging that his termination was racially related. The commission dismissed the complaint. The voluminous transcript of proceedings from the commission's hearing was an exhibit in the court of common pleas. Kitt then filed this civil action for large sums of money.

We regard it as informational to include the order of the court below from which this appeal emanates. It follows:

"This cause came before the Court on the motion for summary judgment filed by defendants Ohio Operating Engineers Joint Apprenticeship and Training Committee and Edward E. Greenert. The Court has considered the motion, the supporting filings and briefs of counsel, together with the exhibits, depositions and the pleadings.

"Considering the plaintiff's case in the strongest light, the Court finds there is no genuine issue of fact and that reasonable minds could come to but one conclusion, and that conclusion is adverse to the plaintiff as a matter of law. The Court finds further that Plain-

tiff was afforded good faith natural law due process by the defendants and that there was an absence of fraud, collusion or arbitrariness in the defendants' disciplinary proceedings involving plaintiff. Because judicial intervention is therefore inappropriate, the Court rules as follows, and accordingly

"ORDERS:

"That defendants' (Ohio Operating Engineers Joint Apprenticeship and Training Committee and Edward E. Greenert) Motion for Summary Judgment be granted and, as there are no other matters remaining against the defendants to be decided, that defendants are hereby dismissed, with prejudice at plaintiff's costs."

The trial court correctly decided the Civ. R. 56 motion for summary judgment in favor of the state joint committee and Greenert. The assignment of error is of no avail.

So far as the first issue raised under the assignment is concerned, the mere fact that prior to the evidentiary hearing before it members of the joint committee had become familiar with the subject matter of the complaint against Kitt through conversation with other members, or otherwise, does not disqualify them nor sustain a charge of bias or prejudice. It is necessary to emphasize that the "recommendation" made by the area committee is arguably legally irrelevant in view of the fact that the area committee is only an advisory body plus the fact that the state joint committee has the ultimate authority. Kitt asked for, and received, a *de novo* hearing before the joint committee.

The concept of "natural justice" is a criterion for voluntary association actions; "natural justice" must be contrasted with the more stringent constitutional doctrine of due process. Constitutional requirements are applicable to a court of law and to adjudication proceedings by a govermental agency. We believe it is clear that as to a private group or association — as here — the law does not require technical accuracy in their proceedings. It is sufficient if the procedure adopted is fair and reasonable with regard to justice, not form.

Both appellant and appellees cite *Geraci* v. *St. Xavier High School* (App. 1978), 13 O.O.3d 146, which involved the expulsion of a student from St. Xavier High School, a private college preparatory school operated by the Society of Jesus. We stated the following in *Geraci* at 149-150:

"Although, as hereinbefore discussed, a private school's disciplinary proceedings are not controlled by the due process clause, and accordingly such schools have broad discretion in making rules and setting up procedures for their enforcement, nevertheless, under its broad equitable powers *a court will intervene where such discretion is abused or the proceedings do not comport with fundamental fairness. Schoppelrei* v. *Franklin University,* 11 Ohio App. 2d 60, 228 N.E.2d 334, 40 O.O.2d 228 (10th Dist. 1967); *Koblitz* v. *Western Reserve,* 11 O.C.D. 515, 21 O.C.C. 144 (8th Dist. 1901)." (Emphasis added.)

There is no genuine issue of material fact that the defendants-appellees abused their discretion or that their proceedings did not comport with fundamental fairness. This applies particularly to the joint committee, but also to Greenert in the instigation of the charges against Kitt and the ensuing hearing proceedings. Moreover, there is no genuine issue made that Greenert was guilty of the charges made against him in count II of Kitt's amended complaint.

In what appellant has designated issue No. 2, he charges that the joint committee failed to follow its own rules in terminating or expelling Kitt. Appellant Kitt argues that the testimony and evidence established that Kitt was dismissed pursuant to union rules not in effect in September 1980 when the alter-

cation occurred. Specifically, plaintiff Kitt asserts he was dismissed pursuant to rules and regulations under the "Standards of Apprenticeship of the Ohio Operating Engineers State Joint Apprenticeship and Training Committee" adopted in 1965 ("1965 standards"). The appellant does not deny the adoption of the 1965 rules and regulations. However, he contends, at the time of the subject incident between Kitt and Greenert, disciplinary proceedings against apprentices were governed by the "1979 Plan for Training Program Rules and Procedures and Their Application to Disciplinary Actions" ("1979 plan"). Defendants-appellees argued to the trial court that the 1979 plan did not replace or supersede the 1965 standards. Kitt argues for the 1979 plan as a fundament for evaluating the significance of his troubles with Greenert instead of the 1965 standards because Kitt believes the 1979 plan advantages him so far as authorized disciplinary action is concerned. Kitt definitely was dismissed under the 1965 standards.[1]

At the hearing before the Ohio Civil Rights Commission (a transcript of which was an exhibit in the court below), the members of the state joint committee confirmed their understanding and interpretation of the 1979 plan as supplementary only and as providing guidelines in the determination of penalties. We find that there is no genuine issue as to which rules applied to the joint committee. The 1979 plan was not intended to amend, modify or supplant the 1965 standards.

---

[1] We do not detail how appellant contends the chronologically later plan advantages him as compared to the 1965 standards because it is unnecessary under the circumstances. The joint committee had the authority to remove Kitt from the apprentice program under provisions of the 1965 standards.

As signified *supra,* the assignment of error is overruled and the judgment below affirmed.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and HILDEBRANDT, JJ., concur.