RAY, Appellant,

v.

WILMINGTON COLLEGE, Appellee.*

[Cite as *Ray v. Wilmington College* (1995), 106 Ohio App.3d 707.]

Court of Appeals of Ohio,
Twelfth District, Clinton County.

No. CA95–01–001.

Decided Oct. 9, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 75 Ohio St.3d 1412, 661 N.E.2d 760.

708

*Ebner & Riker Co., L.P.A., J. Timothy Riker* and *Timothy A. Garry,* for appellant.

*Kohnen & Patton* and *K. Roger Schoeni,* for appellee.

WILLIAM W. YOUNG, Judge.

Plaintiff-appellant, Jerry Edward Ray, appeals a Clinton County Court of Common Pleas decision granting summary judgment to defendant-appellee, Wilmington College. The trial court concluded as a matter of law that the college's decision to suspend Ray was not arbitrary, capricious, or unreasonable.

Wilmington, a private nonprofit institution, placed Ray on indefinite suspension based upon an incident that occurred on October 10, 1993. A fellow student claimed that Ray had physically and sexually assaulted her at his off-campus apartment. The woman reported the incident to a student supervisor, who filed a complaint with campus authorities. The complaint alleged that Ray had violated Section IV(F) of Wilmington's Student Code of Conduct ("Student Code"), involving physical abuse, and Section IV of the Student Life Policies, entitled

"Sexual Assault Policy." [1]   Both provisions were set forth in the 1993–1994 edition of the Student Survival Guide ("Survival Guide").

Section VI of the Student Code sets forth the college's "Judicial Policies and Procedures."   According to its policy, the college notified Ray of the charges against him and scheduled a hearing on the matter for October 25.   Wilmington's Dean of Students appointed Milton Thompson, the college's purchasing director, to act as the "judicial advisor" in the matter.   The Student Code provides that the judicial advisor is a college official appointed by the dean to impose sanctions upon students found to have violated the Student Code.   The college also empaneled a "judicial board" in accordance with the college's code.   Consisting of two students selected by the Student Government Association, two faculty members selected by the faculty, and the judicial advisor, the judicial board decides whether a student has violated the Student Code and recommends appropriate sanctions.

On two separate occasions, the judicial board received evidence about the incident between Ray and the other student.   After the hearing, the judicial board deliberated and notified Ray "that the charges of sexual assault and physical abuse are justified."   The judicial board recommended that the college suspend Ray indefinitely and consider him ineligible for readmission until January 1998.   Ray appealed this decision to an appellate board provided for in the Student Code.   That body upheld the board's finding but reduced the suspension to just under two years.

On December 10, 1993, Ray filed a complaint against the college in the Clinton County Court of Common Pleas.   He sought, among other things, an order reinstating him as a student in good standing at Wilmington.   The college filed a motion for summary judgment on June 17, 1994.   The trial court granted Wilmington's motion on December 6.

On appeal, Ray argues under a single assignment of error that the trial court erred in granting summary judgment.   Ray acknowledges that this private educational institution's disciplinary proceedings are not subject to the Fourteenth Amendment's Due Process Clause.   See *Geraci v. St. Xavier High School* (App.1978), 13 O.O.3d 146, certiorari denied (1979), 444 U.S. 839, 100 S.Ct. 76, 62

---

1.   Section IV(F) of the Student Code provides that "physical abuse * * * and/or other conduct which threatens or endangers the health or safety of any person" is conduct subject to review. Section IV of the Student Life Policies states in its preamble: "Sexual assault is a form of violence and an indication of extreme disregard for the right of others to maintain control of their bodies and make decisions about their sexuality.   In addition to severe legal penalties prescribed by law for sexual assault violations, such behavior is regarded as the most serious violation of the Student Code of Conduct."

L.Ed.2d 50. However, Ray contends that Wilmington violated a contractual obligation to provide him with a fundamentally fair disciplinary hearing.

█ Ray contends that the college could not discipline him for an incident that occurred off campus. This argument is meritless. The Student Code does not attempt to limit Wilmington's jurisdiction to incidents that occur on campus. Section III of the Student Code, entitled "Jurisdiction of the College," provides that "jurisdiction and discipline shall be limited to conduct which occurs on College premises *or which adversely affects the interests of the College * * *.*" (Emphasis added.)

█ An educational institution's authority to discipline its students does not necessarily stop at the physical boundaries of the institution's premises. The institution has the prerogative to decide that certain types of off-campus conduct are detrimental to the institution and to discipline a student who engages in that conduct. See, *e.g., Krasnow v. Virginia Polytechnic Inst.* (W.D.Va.1976), 414 F.Supp. 55, 56–57, affirmed (C.A.4, 1977), 551 F.2d 591. See, also, Annotation, Misconduct of College or University Student Off Campus as Grounds for Expulsion, Suspension, or Other Disciplinary Action (1994), 28 A.L.R.4th 463.

A more difficult issue here involves Ray's claim that the judicial board was inadequately trained and that members of that board had conflicts of interest. Ray points to specific examples to bolster his argument. He complains that the trial court improperly weighed the evidence and thus misunderstood the standard for ruling on a summary judgment motion set forth in Civ.R. 56(C). The trial court stated in its judgment entry that "the disciplinary action imposed by the defendant was not arbitrary or capricious. The suspension of the plaintiff was just and reasonable given the evidence before the college at the time of this incident."

On the other hand, Wilmington does not dispute any of Ray's factual assertions. Instead, it argues that the trial court could determine that its disciplinary action was fundamentally fair as a matter of law. This court agrees.

██ Private schools have broad discretion in making rules and setting up procedures to enforce those rules. See *Schoppelrei v. Franklin Univ.* (1967), 11 Ohio App.2d 60, 62, 40 O.O.2d 228, 229, 228 N.E.2d 334, 336. Contracts for private education have unique qualities and must be construed to allow the institution's governing body to meet its educational and doctrinal responsibilities. *Allen v. Casper* (1993), 87 Ohio App.3d 338, 345, 622 N.E.2d 367, 371 (appellate court affirmed summary judgment in favor of school where school expelled two students based on parents' failure to comply with admission policies and terms of

the school handbook). It is "well established that courts will not interfere in these matters in the absence of a *clear abuse of discretion* by the governing board." (Emphasis added.) *Schoppelrei, supra,* 11 Ohio App.2d at 62, 40 O.O.2d at 229, 228 N.E.2d at 336.

This court will consider the trial court's decision granting summary judgment to Wilmington in light of that private institution's broad discretion to enact and enforce its rules. The issue here is not whether Wilmington could have provided Ray with a better hearing or whether the hearing satisfied the requirements of a formal trial. See *Koblitz v. W. Res. Univ.* (1901), 21 Ohio C.C. 144, 156–157, 11 Ohio C.D. 515, 523 (court upheld expulsion of law student where student had opportunity to defend himself before the faculty and the evidence showed that the charges were well founded). Instead, the issue is whether the judicial board abused its discretion. While the trial court had to consider all of the circumstances in this case, its determination in that regard was not a question of fact for a jury, but was instead a question of law for the court. We conclude that the trial court could make this determination upon Wilmington's motion for summary judgment.

We are convinced that the trial court reviewed the entire record before it in concluding that the disciplinary action here was not arbitrary or capricious as a matter of law. This court has also reviewed the entire record and concludes that the college's disciplinary action in this case did not amount to an abuse of its discretion. Therefore, the trial court did not err in granting Wilmington's motion for summary judgment. Ray's assignment of error is overruled.

*Judgment affirmed.*

WALSH, P.J., and POWELL, J., concur.