[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 456.]

THE STATE EX REL. SMITH, APPELLANT, *v.* FUERST, CLERK, APPELLEE.

[Cite as *State ex rel. Smith v. Fuerst*, 2000-Ohio-218.]

*Mandamus sought to compel clerk of common pleas court to serve relator notice*
*of a journal entry of the dismissal of his petition for postconviction relief—*
*Denial of writ by court of appeals affirmed.*

(No. 00-379—Submitted June 6, 2000—Decided August 16, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 77325.

_____

{¶ 1} On October 17, 1996, the Cuyahoga County Court of Common Pleas dismissed the petition for postconviction relief of appellant, Claude A. Smith. On October 18, 1996, the clerk's office of the common pleas court mailed a copy of the entry to Smith.

{¶ 2} On November 30, 1999, Smith filed a complaint in the Court of Appeals for Cuyahoga County for a writ of mandamus to compel appellee, Gerald Fuerst, Clerk of the Cuyahoga County Court of Common Pleas, to serve Smith notice of the October 17, 1996 journal entry by certified mail. Smith claimed that he had not received notice of the entry. Fuerst filed an answer and a motion for summary judgment. In February 2000, the court of appeals granted Fuerst's motion and denied the writ.

{¶ 3} This cause is now before the court upon an appeal as of right.

_____

*Claude A. Smith, pro se*.

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *Kristen L. Lusnia*, Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

{¶ 4} Smith asserts that the court of appeals erred in denying the writ. For the following reasons, Smith's assertion lacks merit.

{¶ 5} Fuerst mailed notice of the October 17, 1996 entry to Smith. Under Civ.R. 5(B), service was complete upon mailing. And Fuerst noted in the docket that service had been made. Therefore, Fuerst complied with his duty to serve the entry on Smith, and mandamus will not issue to compel an act that has already been performed. *State ex rel. Wilson v. Sunderland* (2000), 87 Ohio St.3d 548, 548-549, 721 N.E.2d 1055, 1056; see, also, *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, paragraph two of the syllabus.

{¶ 6} In addition, Smith had adequate remedies at law by a Civ.R. 60(B) motion for relief from judgment or appeal to raise his claim that he was entitled to additional time to perfect his appeal from the October 17, 1996 judgment. See *State ex rel. Thomson v. Doneghy* (1997), 80 Ohio St.3d 222, 685 N.E.2d 537; *Defini v. Broadview Hts.* (1991), 76 Ohio App.3d 209, 214, 601 N.E.2d 199, 202.

{¶ 7} Finally, the fact that Smith may have, as he claims on appeal, already unsuccessfully invoked an alternative remedy to raise this issue does not entitle him to extraordinary relief in mandamus. "Where a plain and adequate remedy at law has been unsuccessfully invoked, a writ of mandamus will not lie to relitigate the same issue." *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____