DECISION.
{¶ 1} This case is a procedural quagmire. First, the trial court granted summary judgment to defendant-appellee Cincinnati School of Medical Massage, Medical Dynamics of Ohio, Inc. ("CSMM"). Then plaintiff-appellant Joanne Frazier never received service of the trial court's entry and discovered the entry only after searching the clerk of court's website. But instead of then filing a notice of appeal, Frazier waited eight months to file a Civ. R. 60(B) motion for relief from judgment
 {¶ 2} The trial court denied that motion, and Frazier now appeals the trial court's (1) entry of summary judgment for CSMM and (2) denial of her Civ.R. 60(B) motion. Frazier maintains that genuine issues of material fact remain, and that because she was not notified of the trial court's decision to grant CSMM's summary-judgment motion until after 30 days had passed, the court erred by overruling her Civ.R. 60(B) motion. Frazier's arguments are without merit, but they do create a procedural oddity. In any event, Frazier's assignments of error are overruled, and the trial court's judgment is affirmed.
 {¶ 3} A party is required to file an appeal within 30 days of thelater of the judgment entry, order to be appealed from, or "service of the notice of judgment and its entry if service is not made on the party within the three day period" required by Civ.R. 58(D).[1] But because Frazier was not served with notice of the entry granting summary judgment to CSMM, the time to appeal was tolled (and continues to be tolled). It seems that Frazier would have a right in perpetuity to file an appeal — that is exactly what the rule provides. *Page 3 
 {¶ 4} The Ohio Supreme Court has held that a Civ.R. 60(B) motion is an adequate remedy at law when a party has not received notice issued under Civ.R. 58(B).[2] That case concerned an inmate who sought a writ of mandamus to compel the clerk of courts to serve him with a judgment entry dismissing his petition for postconviction relief, evidently believing that the service was a condition precedent to an appeal (a position that is understandable after reading Civ.R.58(B) and App.R. 4(A)). The clerk had served notice, but the inmate claimed he had not received it. The Ohio Supreme Court simply dismissed the mandamus action noting that a Civ.R. 60(B) motion would provide an adequate remedy at law. That decision was correct — a Civ.R. 60(B) motion is the proper remedy when the clerk serves notice but a party claims not to have received it — the motion might well involve an evidentiary hearing. Because the clerk in that case had served the notice, and entered service on the docket, service was complete and the time began to run. The Civ.R. 60(B) motion would have sought either that the judgment be set aside entirely or that it be set aside and re-entered so the party could appeal.[3]
 {¶ 5} But that is not the situation here. The clerk did not serve notice at all — so the time for appeal did not begin to run. This case has already been litigated to summary judgment. The only thing left is to appeal. Since the party's time has not begun to run, the appropriate avenue is to file a notice of appeal and an affidavit explaining the delay.[4] *Page 4 
 I. CSMM's Policies {¶ 6} In February 2000, Frazier attended an orientation for CSMM. Frazier had been a cosmetologist for over 20 years and wanted to start a new career as a massage therapist. She received a student handbook that detailed the course requirements. Those requirements stated that for a student to successfully complete the medical-massage program and to be eligible to sit for the Ohio licensing exam, the student was expected to complete both classroom work and a hands-on massage-clinic program.
 {¶ 7} The classroom work consisted of taking anatomy, physiology, and massage-theory courses. To complete the 603.5 hours of classroom instruction, a student was required to attend class for a minimum of 8.5 hours per week and score 75% or better in each class. If a student received less than a 75% score in a class, that student was placed on academic probation for the following quarter.
 {¶ 8} To complete the massage-clinic program, a student was required to complete 25 massages. Each student was provided with an orientation and written clinic instructions prior to starting the clinic program. Included in the instructions were the following rules: (1) students had to show up at least 15 minutes before a scheduled massage; and (2) students had to show for all scheduled appointments. If a student was unable to perform a scheduled massage, the student was required to call and cancel the appointment at least two hours before its scheduled time.
 II. Frazier Falls Behind {¶ 9} Frazier enrolled as a student at CSMM. She signed the standard student agreement and began taking courses in April 2001. According to the agreement, Frazier was to complete the 25 massages by August 23, 2001. *Page 5 
 {¶ 10} But Frazier's tenure at CSMM was tenuous. She did not score above 75% in her anatomy and physiology class in the first quarter, and was placed on academic probation. Frazier stated in her deposition that because she had failed to achieve a 75% score in the second quarter, she had to repeat the second quarter. When she scored 77%, she was then allowed to move to the third quarter. But in the third quarter, she also failed to score 75% and was again placed on academic probation.
 {¶ 11} In addition to her difficulty in the classroom, Frazier missed several appointments for the massage-clinic portion of her studies. On Monday, November 25, 2002, Frazier did not show up for a 3:00 p.m. appointment. The clinic appointment form noted that Frazier called the following day to say that she was sick and had taken a sleeping pill. But on Tuesday, November 26, Frazier missed her 2:00 p.m. appointment. The form indicated another student had covered for her.
 {¶ 12} After this second missed appointment, CSMM's Administrator Tonja Armstrong called Frazier into a meeting. Armstrong reminded Frazier of the policy that 10% would be deducted from her final massage grade for each missed appointment. Armstrong also warned Frazier that she could not miss another appointment without reason again.
 {¶ 13} But Frazier missed another appointment a month later. On December 30, 2002, Frazier did not show up for her 1:00 p.m. appointment. On January 15, 2003, CSMM sent Frazier a letter stating that she was being terminated from the program for failing to show up for three scheduled massage appointments within 45 days.
 {¶ 14} Frazier did not appeal her termination as provided in the student catalog. Instead, Frazier filed suit against CSMM. The complaint was somewhat ambiguous, and although Frazier's appeal asserts that she only filed claims for *Page 6 
breach of contract and wrongful discharge, CSMM defended against claims of breach of contract, negligent misrepresentation, wrongful discharge, discrimination, and intentional infliction of emotional distress.
 III. The Clerk also Fails {¶ 15} After discovery, CSMM moved for summary judgment. The trial court granted summary judgment on all claims on May 6, 2005. The clerk failed to serve Frazier with notice of the trial court's entry granting summary judgment. Frazier's counsel discovered the entry on June 15, 2005.
 {¶ 16} But instead of filing a notice of appeal, Frazier waited eight months until February 21, 2006, to file a Civ.R. 60(B) motion for relief from judgment. Frazier argued that because she had never received service of the entry from the clerk, the judgment should be set aside. The court denied Frazier's Civ.R. 60(B) motion. Frazier appeals from both the entry granting summary judgment and the entry denying her Civ.R. 60(B) motion.
 IV. A Procedural Quagmire {¶ 17} Under App.R. 4(A), a notice of appeal is timely if it is filed "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in [Civ.R.] 58(B)." The Ohio Supreme Court has reasoned that "App.R. 4(A) contains a tolling provision that applies in civil cases when a judgment has not been properly served on a party according to Civ.R. 58(B)."[5] *Page 7 
 {¶ 18} In this case, Frazier was not served under Civ.R. 58(B) with notice of the trial court's entry granting summary judgment to CSMM. Six weeks after the entry, Frazier's counsel noticed that the court had entered summary judgment in favor of CSMM and wrote his client to ask her if she wanted to appeal. But even though she had actual notice of the entry, Frazier did not file a notice of appeal. Instead, she waited eight months to file a Civ.R. 60(B) motion for relief from judgment, arguing that because she had not been served with notice of the court's entry of summary judgment, she needed the court to set aside the judgment and then reinstate it to allow her to appeal.
 {¶ 19} The issue before us is whether a Civ.R. 60(B) motion for relief from judgment is an appropriate device when the clerk has not served notice of a court's entry. The Ohio Supreme Court has suggested that a Civ.R. 60(B) motion is an adequate remedy at law to request an additional 30 days to perfect an appeal when a party claims not to have received notice.[6] But we believe that pursuit of a Civ.R. 60(B) motion is a futile and unnecessary act when the clerk of court has not even served a party with notice of a judgment as required by Civ.R. 58(B).
 {¶ 20} The Ohio Supreme Court has held in Atkinson v. Grunman OhioCorp. that "the right to file an appeal * * * is a property interest and a litigant may not be deprived of that interest without due process of law. "[7] The court further reasoned that "the opportunity to file a timely appeal pursuant to App.R. 4(A) is rendered meaningless when reasonable notice of an appealable order is not given."[8] For due-process purposes, litigants are entitled to reasonable notice of the trial court's appealable orders.[9] *Page 8 
 {¶ 21} The Atkinson decision is the basis for Civ.R. 58(B), which provides, "When the court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does notaffect the validity of the judgment or the running of the time forappeal except as provided in App. R. 4(A)."
 {¶ 22} It is these two directives that make a Civ.R. 60(B) motion feckless when the clerk of courts fails to serve notice to a party. If the failure to issue notice of an entry does not affect the judgment's validity, then a Civ.R. 60(B) motion should not be used. A valid judgment exists and should not be set aside for appeal purposes. And while courts have granted Civ.R 60(B) motions and then reinstated judgments to allow appellants time to appeal,[10] we think the more appropriate remedy in this instance is found in the second directive — that the running of the time for appeal is not affected except as provided in App.R. 4(A).
 {¶ 23} So in a somewhat circular fashion, we have made our way back to App.R. 4(A) — where a notice of appeal is timely if it is filed "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in [Civ.R.] 58(B)." If the clerk has failed to serve a party with notice, then the 30 days to appeal cannot begun to run. This is what makes the Civ.R. 60(B) motion *Page 9 
ineffective — if the time to appeal has not begun to run, why waste judicial resources on a motion that isn't necessary? The party simply needs to file a notice of appeal.
 {¶ 24} We note that a Civ.R. 60(B) motion is the proper remedy when a party has never been notified of the commencement of litigation and only learns of a judgment after the fact. But when a party has been actively litigating the case, and the clerk fails to issue notice of an appealable order or entry, then a Civ.R. 60(B) motion is futile.
 {¶ 25} In this case, because service of the notice of judgment and its entry has not been made, the 30 days to appeal has not begun to run. And while it is odd that we address assignments of error that deal with both the entry of summary judgment and the denial of a Civ.R. 60(B) motion, we must do so. Frazier was never out of time to appeal the entry of summary judgment to CSMM because the clerk never served her with notice of the court's entry. And although we believe a Civ.R. 60(B) motion is a waste of judicial resources in instances when the clerk has failed to serve a party with notice of an entry, we must review this assignment as well.
 V. Summary-Judgment Standard {¶ 26} We review summary-judgment determinations de novo, without deference to the trial court's ruling.[11] Summary judgment should be granted only when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can only come to a conclusion adverse to the nonmoving party, when viewing the evidence in the light most favorable to the nonmoving party.[12] A party moving for summary judgment bears the initial burden of showing that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a *Page 10 
reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[13]
 VI. Frazier's Inconsistent Affidavit Did Not Create a Genuine Issue of Material Fact {¶ 27} In her first assignment of error, Frazier argues that the trial court erred by granting CSMM's summary-judgment motion. Frazier contends that genuine issues of material fact remained, precluding the trial court from granting summary judgment. In making such a claim, Frazier appears to argue only that there were genuine issues of material fact concerning her breach-of-contract and wrongful-discharge claims. Since she does not address on appeal the other three claims that CSMM defended against (discrimination, negligent misrepresentation, or intentional infliction of emotional distress), we must assume either that she does not wish to contest the entry of summary judgment on those claims or that she never intended to assert those claims in the first place. In either case, we decline to address those claims and review only the claims properly before this court.
 {¶ 28} In breach-of-contract actions between individuals and private schools, the contractual terms may be expressed in school policies and handbooks that govern the circumstances under which the school may expel a student.[14] Because contracts for private education have unique qualities, a court should construe them "in a manner that leaves the school board broad discretion to meet its educational and doctrinal responsibilities."[15] For a student to state an actionable claim for his or her expulsion from a private school, the student "must adduce evidence of a violated *Page 11 
contractual right or evidence that the school clearly abused its discretion in enforcing its policies and regulations."[16]
 {¶ 29} Private schools have the right to make regulations, establish requirements, and set scholastic standards largely as the responsible governing board shall decide. And "compliance with scholastic standards and disciplinary requirements are enforced within a broad range of discretion * * * [and] courts will not interfere in these matters in the absence of a clear abuse of discretion by the governing board."[17]
The abuse-of-discretion standard implies "a lack of evenhanded justice in the administration of the [private school's] regulations" that results in an expulsion that violates the purposes of the contract.[18]
 {¶ 30} Thus, courts should only intervene on behalf of the student in the following limited cases: "(1) where the evidence on its face and without consideration of the purpose of the private educational contract shows that the private school clearly violated the terms of that contract; or (2) where the private school clearly abuses its discretion in applying its disciplinary standards in such a manner as to depart from the purpose of the educational contract and rise to the level of a breach of that contract."[19]
 {¶ 31} In the present case, CSMM, a private school, expelled Frazier from the medical-massage program for failing to show up for three scheduled massage appointments — one on November 25, 2002, at 3:00 p.m., one on November 26, at 2:00 p.m., and one on December 30, at 1:00 p.m. During her deposition, Frazier admitted to missing the November 25 and December 30 appointments. Frazier also *Page 12 
stated that she had showed up 20 minutes late for the November 26 appointment, but finished the massage that another student had started, and took another massage to make up for being late. As Frazier stated, "so I was really guilty of [missing] two."
 {¶ 32} After CSMM moved for summary judgment, Frazier filed an affidavit contending that she had made incorrect statements in her deposition. She attached to her affidavit CSMM's records from November 26 and 27, which, she claimed, demonstrated that she had showed up for massage appointments. She also stated that she did not miss the December 30 appointment. Instead she claimed that she was present but that the client failed to show. She did not attach any records to her affidavit to prove this assertion.
 {¶ 33} Frazier maintains that because her affidavit refuted the only reasons given for her discharge, that she had missed massage appointments, the trial court erred in granting summary judgment. Frazier's argument is without merit.
 {¶ 34} The Ohio Supreme Court has recently held that "an affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat the motion for summary judgment."[20] In so doing, the court reasoned that "if an affidavit [from the nonmoving party] appears to be inconsistent with a deposition, the court must look to any explanation for the inconsistency. We do not say that a nonmoving party's affidavit should always prevent summary judgment when it contradicts the affiant's previous deposition testimony. After all, deponents may review their depositions and correct factual error before the depositions are signed [under Civ.R. 30(E)]."[21] *Page 13 
 {¶ 35} In the present case, Frazier's affidavit was inconsistent with her deposition testimony and also introduced red herrings. The inconsistency between the deposition and the affidavit was created when Frazier admitted to missing the December 30 appointment in her deposition, but claimed in her affidavit that it was the client who had missed the appointment. And while CSMM claimed that Frazier had missed massage appointments on November 25 and November 26 at 2:00 p.m., and that she had admitted in her deposition to missing the November 25 appointment and showing up 20 minutes late for the November 26 appointment, Frazier introduced red herrings in her affidavit by claiming that she was present for the November 26 appointment at 3:00 p.m. and for her November 27 appointment. Given that these appointments were not the missed appointments in dispute, these red herrings did not create a genuine issue of material fact.
 {¶ 36} And Frazier's contradictory affidavit must have sufficiently explained the contradiction before a genuine issue of material fact could have been created. Because it did not sufficiently explain the inconsistency of her testimony in regard to the December 30 appointment, no genuine issue of material fact was created by the affidavit.
 {¶ 37} Thus we are left with no genuine issues of material fact-CSMM terminated Frazier from the medical-massage program because she missed three massage appointments without following CSMM's cancellation policies. She admitted to missing two of these appointments and being late for the third. Furthermore, she was placed on academic probation twice and had to repeat the second quarter of classroom instruction. Based on these facts, we are not persuaded that CSMM clearly violated the terms of the contract in expelling Frazier from the *Page 14 
program. Frazier's first assignment of error in regard to summary judgment on the breach-of-contract claim is without merit and overruled.
 {¶ 38} Frazier's remaining issue in the first assignment of error — that the trial court erred in granting summary judgment on the wrongful-discharge claim — is also meritless. Ohio recognizes a public-policy exception to the employment-at-will doctrine that allows for former employees to bring a wrongful-discharge claim when the termination was in violation of a public policy.[22] But Frazier was not an employee of CSMM. She was a student, and as such, she could not bring a wrongful-discharge claim.
 {¶ 39} Thus, Frazier's first assignment of error is overruled.
 VII. Motion for Relief from Judgment {¶ 40} In her second assignment of error, Frazier argues that the trial court erred by overruling her Civ.R 60(B) motion for relief from judgment. Frazier maintains that she was denied her right to a timely appeal because she was not notified of the trial court's entry granting summary judgment to CSMM. She believes that her only recourse was to file a Civ.R. 60(B) motion for relief from judgment. Not so.
 {¶ 41} Under Civ.R. 60(B), a court may relieve a party from a final judgment, order, or proceeding for a number of reasons: "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise *Page 15 
vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." The rule further provides that a motion should be made within a reasonable time — and for reasons (1), (2), and (3), it should not be more than one year after the judgment, order, or proceeding was entered.[23]
 {¶ 42} Thus, a party seeking relief from a judgment under Civ.R. 60(B) must show (1) a meritorious defense, (2) entitlement to relief under one of the grounds set forth in the rule, and (3) that the motion is made within a reasonable time.[24]
 {¶ 43} And a trial court's ruling on a Civ.R. 60(B) motion will not be overturned on appeal absent an abuse of discretion.[25] An abuse of discretion connotes an attitude by the trial court that is unreasonable, unconscionable, or arbitrary.[26] Unreasonable means that no sound reasoning supports the decision.[27] (We note that a party who has not been served with the final judgment entry may simply appeal — because the time has not run — thus avoiding the difficult "abuse" standard.)
 {¶ 44} In this case, Frazier moved for relief from judgment under Civ.R. 60(B)(5) — "any other reason justifying relief from judgment" — based on her contention that she had not received notice of the court's entry of summary judgment. In support of her motion, she presented the affidavit of her counsel, who stated that he had not received notice of the court's decision to grant summary judgment to CSMM until June 15, 2005. And the docket does not reveal that the clerk served Frazier with notice. *Page 16 
 {¶ 45} Nevertheless, we find no basis to conclude that the trial court abused its discretion in denying Frazier's motion for relief from judgment. Frazier did not meet the first prong of the GTE test — a meritorious defense. In essence, Frazier was only rearguing her opposition to CSMM's summary-judgment motion and claiming that genuine issues of material fact existed. But a Civ.R. 60(B) motion is not a substitute for a timely appeal.[28]
 {¶ 46} Because Frazier failed to raise any arguments not previously addressed by the trial court when it entered summary judgment, we hold that the trial court did not err and overrule Frazier's second assignment of error. The trial court's judgment is, accordingly, affirmed.
Judgment affirmed. HILDEBRANDT, P.J., and HENDON, J., concur.
[1] See App.R. 4(A).
[2] See State ex rel. Smith v. Fuerst, 89 Ohio St.3d 456,2000-Ohio-218, 732 N.E.2d 983; State ex rel. Thomson v. Doneghy,80 Ohio St.3d 222, 1997-Ohio-125, 685 N.E.2d 537.
[3] State ex rel. Smith v. Fuerst, 89 Ohio St.3d 456, 2000-Ohio-218,732 N.E.2d 983; Hawk v. McCracken (1992), 65 Ohio St.3d 397,1992-Ohio-70, 604 N.E.2d 738.
[4] See Defini v. Broadview Heights (1991), 76 Ohio App.3d 209, 214,601 N.E.2d 199.
[5] See In re Anderson, 92 Ohio St.3d 63, 2001-Ohio-131,748 N.E.2d 67.
[6] Id.
[7] See Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80,523 N.E.2d 851, paragraph one of the syllabus.
[8] See Moldovan v. Cuyahoga Cty. Welfare Dept. (1986),25 Ohio St.3d 293, 295, 496 N.E.2d 466, quoting Section 16, Article I, Ohio Constitution.
[9] See Atkinson v. Grumman Ohio Corp. (1988), 37 Ohio St.3d 80,84-85, 523 N.E.2d 851.
[10] See Defini v. Broadview Heights (1991), 76 Ohio App.3d 209, 214,601 N.E.2d 199.
[11] See Doe v. Shaffer, 90 Ohio St.3d 388, 2000-Ohio-186,738 N.E.2d 1243.
[12] Civ.R. 56(C); Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267.
[13] See Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107,662 N.E.2d 264.
[14] See Allen v. Casper (1993), 87 Ohio App.3d 338, 343,622 N.E.2d 367; see, also, Iwenofu v. St. Luke School (1999), 132 Ohio App.3d 119,128, 724 N.E.2d 511; Ray v. Wilmington College (1995),106 Ohio App.3d 707, 712, 667 N.E.2d 39.
[15] Allen, 87 Ohio App.3d at 344, 622 N.E.2d 367.
[16] Id.
[17] See Schoppelrei v. Franklin Univ. (1967), 11 Ohio App.2d 60, 62,228 N.E.2d 334.
[18] Id.
[19] See Riley v. St. Ann Catholic School (Dec. 21, 2000), 8th Dist. No. 78129.
[20] See Byrd v. Smith (2006), 110 Ohio St.3d 24, 2006-Ohio-3455,850 N.E.2d 47, paragraph three of the syllabus.
[21] Id. at ¶ 27.
[22] See Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, 551 N.E.2d 981.
[23] Civ.R. 60(B).
[24] See GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, 150-151, 351 N.E.2d 113.
[25] See Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122.
[26] See Franklin City Sheriffs Dept. v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 498, 506, 589 N.E.2d 24.
[27] See AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597;State v. Echols (1998), 128 Ohio App.3d 677, 669-670,716 N.E.2d 728.
[28] See Blasco v. Mislik (1982), 69 Ohio St.2d 684, 686,433 N.E.2d 612. *Page 1