[Cite as *State v. Banks*, 2019-Ohio-2811.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180315 |
| | | TRIAL NO. B-0203515 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| JOSEPH BANKS, | : | |
| | | |
| Defendant-Appellant. | : | |

+

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Vacated and Cause Remanded

Date of Judgment Entry on Appeal: July 10, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller,* Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Judge**.

{¶1} This is an appeal from a sexual-predator classification under Ohio's Megan's Law, former R.C. Chapter 2950. Defendant-appellant Joseph Banks was not given proper notice of his sexual-offender-classification hearing pursuant to former R.C. 2950.09(B)(2) before he was classified as a sexual predator. We vacate the judgment of the trial court classifying Banks as a sexual predator and remand the matter for a new sexual-offender-classification hearing.

## Facts and Procedural History

{¶2} On July 31, 2002, following a bench trial, Banks was convicted of two counts of gross sexual imposition in violation of R.C. 2907.05(A)(1). He was sentenced to two concurrent terms of 18 months in prison and classified as a sexual predator. On August 6, 2002, the trial court issued a judgment entry and notice of duties to register as a sexual predator, but did not serve the entry on Banks. On July 16, 2003, upon Banks's appeal of his convictions, we affirmed the judgment of the trial court. *See State v. Banks*, 1st Dist. Hamilton No. C-020554 (July 16, 2003).

{¶3} On September 20, 2010, the trial court denied Banks's motion to reconsider his classification. On May 7, 2014, in the case numbered C-130469, we dismissed for lack of jurisdiction Banks's appeal of the denial of his motion for reconsideration. We explained that, because Banks was never provided proper notice of the sexual-predator entry pursuant to Civ.R. 58, his time for appealing from the judgment declaring him a sexual predator had not yet begun to run. *State v. Banks*, 1st Dist. Hamilton No. C-130469 (May 2, 2014), citing *Frazier v. Cincinnati School of Med. Massage*, 1st Dist. Hamilton No. C-060359, 2007-Ohio-2390, ¶ 4-5 (holding that because service of a notice of judgment and its entry had not been made, the 30 days to appeal had not begun to run). Service of the entry regarding his

notice of duties to register was thereafter perfected on May 31, 2018. Banks now appeals from his original adjudication as a sexual predator.

**Legal Analysis**

{¶4} Banks argues that the trial court erred in three respects by classifying him as a sexual predator. First, he claims that he did not receive proper notice of his sexual-offender-classification hearing. Second, he claims that the trial court failed to appoint an expert witness for him, an indigent defendant, at the classification hearing, when a risk evaluation was reasonably necessary. Third, he argues that the trial court failed to specify in the sentencing entry that the classification was pursuant to former R.C. 2950.09(B). Banks asks us to vacate his classification. The state concedes that Banks was not given proper notice and argues that Banks's classification should be vacated and the cause remanded for a new sexual-offender-classification hearing pursuant to *State v. Gowdy*, 88 Ohio St.3d 387, 2000-Ohio-355, 727 N.E.2d 579, which is directly on point. We agree with the state.

{¶5} Failure to give a defendant notice of his sexual-offender-classification hearing is reviewed for plain error. *Gowdy* at 399. " 'In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.' " *Id.*, quoting *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

{¶6} Proceedings under former R.C. Chapter 2950 were civil proceedings, not criminal. *State v. Cook*, 83 Ohio St.3d 404, 416-418, 700 N.E.2d 570 (1998); *State v. Hunter*, 144 Ohio App.3d 116, 121, 759 N.E.2d 809 (1st Dist.2001). Therefore, the rules of civil procedure applied to sexual-predator determinations.

3

*State v. Marshall*, 2d Dist. Montgomery No. 18587, 2001 WL 1468893, *5 (Nov. 16, 2001).

{¶7} In *Gowdy*, the Supreme Court held that the trial court erred in conducting a sexual-offender-classification hearing on the same day as sentencing without having provided notice of the sexual-offender-classification hearing. The court explained:

> [I]t is imperative that counsel have time to adequately prepare for the hearing. At the hearing, the defendant is entitled to "testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." Former R.C. 2950.09(B)(1).
>
> * * *
>
> [D]ecisions are made regarding classification, registration, and notification that will have a profound impact on a defendant's life. Defendants must have notice of the hearing in order to "have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." Former R.C. 2950.09(B)(1).

*Gowdy* at 398.

{¶8} The court ultimately held that the notice provision of former R.C. 2950.09(B)(1) demands strict compliance. "Absent compliance with the mandatory notice provision, defendant's classification as a sexual predator must be vacated and the matter remanded to the trial court for a sexual offender classification hearing with proper advance notice of the hearing issued to the parties." *Id.* at 399.

**{¶9}**   Here, it is evident that Banks did not receive proper notice under former R.C. 2950.09(B)(2). Accordingly, we sustain Banks's assignment of error, vacate Banks's sexual-predator classification, and remand this cause for a new sexual-offender-classification hearing.   We do not address the remaining issues presented for review because they are now moot.

Judgment accordingly.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.