[Cite as *Summers v. Lancia Nursing Homes, Inc.*, 2016-Ohio-7935.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| KAREN J. SUMMERS, AS ADMINISTRATRIX, OF THE ESTATE OF ARLA JOHNSON | ) ) ) ) | CASE NO. 15 BE 0063 |
| PLAINTIFF-APPELLANT, | ) ) | |
| VS. | ) ) | OPINION |
| LANCIA NURSING HOMES, INC, d/b/a BELMONT MANOR NURSING HOME, et al. | ) ) ) ) ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 12-CV-0072

JUDGMENT:      Reverse and Remand.

JUDGES:

Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated: November 25, 2016

[Cite as *Summers v. Lancia Nursing Homes, Inc.*, 2016-Ohio-7935.]
APPEARANCES:

For Plaintiff-Appellant:

Atty. Scott Blass
Atty. James Stoneking
Atty. Geoffrey Brown
Atty. Tyler Smith
Bordas & Bordas
1357 National Road
Wheeling, WV 26003

For Defendants-Appellees:

Atty.Marvin Galvin
Reminger Co., L.P.A
101 Prospect Avenue West
Suite 1400
Cleveland, Ohio 44115

Atty. Thomas Prislipsky
Reminger Co., L.P.A
11 Federal Plaza, Suite 1200
Youngstown, Ohio 44503

Atty. James Reuss
Atty Karen Cadieux
Carpenter Lipps & Leland LLP
290 Plaza, Suite 1300
280 High Street
Columbus, Ohio 43215

Atty. Patrick Casey
Atty. D. Kevin Coleman
Casey & Chapman, PLLC
1140 Chapline Street
Wheeling. WV 26003

ROBB, J.

**{¶1}** Plaintiff-Appellant Karen J. Summers, Administratix of the Estate of Arla Johnson, appeals the decision of Belmont County Common Pleas Court denying her Civ.R. 60(B) motion to vacate the trial court's ruling on her Civ.R. 59 new trial motion. The issue in this case is whether the trial court abused its discretion in denying the motion to vacate. For the reasons expressed below, the trial court's decision is reversed and the matter is remanded for an evidentiary hearing on Appellant's Civ.R. 60(B) motion.

Statement of the Case

**{¶2}** On February 8, 2012, Appellant filed a medical malpractice and wrongful death complaint against Defendants-Appellees Lancia Nursing Homes Inc. d/b/a Belmont Manor Inc. (Appellee Belmont Manor), Dr. Carmel C. Shaw-Nieves, and Dr. Divakar Sydney Bangera. Decedent Arla Johnson was a resident of Appellee Belmont Manor and Drs. Shaw-Nieves and Bangera were her doctors. Those doctors prescribed to her atypical antipsychotic medication during her residency at Appellee Belmont Manor and from April 26, 2011 to April 30, 2011 she fell three times. This resulted in multiple injuries and she died on May 4, 2011.

**{¶3}** The case proceeded through discovery. Trial occurred in April 2015. For purposes of this appeal, the relevant events that occurred during trial are trifold. First, Appellees maintained their interests were not aligned and each were granted three peremptory challenges during voir dire. Second, Appellant's expert witness was not permitted to offer live testimony at trial because at the time of trial he was retired and no longer devoted half of his time to clinical practice or instruction pursuant to Evid.R. 601(D). The court did, however, permit the expert's deposition testimony to be read into the record. Third, files from the state's long-term care ombudsman were deemed privileged in their entirety prior to the start of trial and Appellant was not permitted access. However, according to Appellant, Appellees used the privileged information by producing three witnesses who testified to facts that were contained only in the reports that were withheld from Appellant.

**{¶4}** Following all evidence, the jury returned a defense verdict. 4/28/15 J.E. The judgment was entered on May 28, 2015.

**{¶5}** Appellant did not file a notice of appeal from the jury verdict. Rather, Appellant filed a timely Civ.R. 59 motion for new trial. 6/23/15 Motion. Pursuant to App.R. 4(B)(2), the filing of the motion for new trial extended the time to file a notice of appeal. App.R. 4(B)(2). The time for filing a notice of appeal from the jury verdict and the ruling on the new trial motion began to run when the trial court entered the judgment on the motion for new trial. *Id.*

**{¶6}** The basis for the new trial motion was the exclusion of live testimony from the expert, the number of peremptory challenges Appellees were permitted, and the trial court's determination that privilege was not waived when Appellees' witnesses testified to facts that were only found in a report that was earlier deemed to be privileged and not accessible to Appellant. 6/23/15 Motion. Appellees each filed their own motion in opposition to the Civ.R. 59 motion. 7/6/15 Appellee Dr. Bangera's Motion in Opposition; 7/7/15 Appellee Dr. Shaw-Nieves' Motion in Opposition; Appellee Lancia Nursing Homes, Inc., 7/9/15 Appellee Belmont Manor's Motion in Opposition. Appellant filed a combined reply to the motions in opposition. 7/14/15 Reply. Neither Appellant's Civ.R. 59 motion, nor her response to opposition motions asked for a hearing on the new trial motion. 6/23/15 Motion; 7/14/15 Reply.

**{¶7}** The trial court denied the motion on July 21, 2015. The judgment indicated the clerk of courts was to serve copies on all parties or their attorneys. That direction was initialed. The docket indicated on that same date, the clerk served copies by regular mail to James Reuss, Kevin Coleman, Thomas Prislipsky, and Scott Blass, the attorneys for Appellees and Appellant.

**{¶8}** On August 27, 2015, Appellant filed a motion to vacate based on Civ.R. 60(B), Civ.R 58, and the court's inherent authority to vacate judgments. In the motion, Appellant claimed counsel did not receive the denial of the motion for a new trial. Attached to the motion were affidavits from Attorney Geoffrey Brown and Attorney Scott Blass. Both attorneys worked for Bordas & Bordas, PLLC, a law firm representing Appellant. Attorney Brown avowed that on August 24, 2015 he did an

audit of his open files, and asked Attorneys Stoneking, Smith, and Blass if it would be advisable to request a hearing on the motion for new trial. Brown Affidavit paragraph 7. Attorney Stoneking checked the online docket and discovered the July 21, 2015 order denying the motion for new trial and the clerk's notation that Attorney Blass was served by regular mail. Brown Affidavit paragraph 8. As a result, Attorney Brown talked to Attorney Blass, interviewed his administrative staff, examined the firm's computer files, and examined the firm's hard copy file to determine if the order was received. Brown Affidavit paragraph 10. Based on his investigation, he determined the firm did not receive the order; Attorney Blass did not receive it, no copy of the order was scanned into the firm's computer system, and there was no hard copy in the file. Brown Affidavit paragraph 11. Attorney Blass avowed he did not receive a copy of the order through mail and was unaware of its existence until August 24, 2015. Blass affidavit paragraph 5.

{¶9} Appellee Belmont Manor filed a motion in opposition to the motion to vacate. 9/2/15 Appellee Belmont Manor Motion. Appellees Dr. Bangera and Dr. Shaw-Nieves filed separate motions to join in Appellee Belmont Manor's motion in opposition to relief from judgment. 9/3/15 Appellee Dr. Bangera Joinder Motion; 9/10/15 Appellee Dr. Shaw-Nieves Joinder Motion.

{¶10} The trial court denied the motion to vacate. 9/2/15 J.E. Appellant timely appealed that order.

Assignment of Error

"The trial court erred in denying the plaintiff's motion for relief from judgment under Civ.R. 60(B)."

{¶11} In the trial court proceedings, Appellant sought to vacate the trial court's ruling on the Civ.R. 59 motion on the basis of Civ.R. 60(B), Civ.R. 58, and the trial court's inherent authority. On appeal, Appellant solely focuses on Civ.R. 60(B).

{¶12} The Supreme Court of Ohio held that in order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a

reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. A movant must establish all three of these requirements to obtain relief from judgment. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶13} A motion for relief from judgment under Civ.R. 60(B) lies in the trial court's sound discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). To constitute an abuse of discretion the trial court's decision must be unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶14} The resolution of a Civ.R. 60(B) motion requires consideration of two competing principles: the principles of finality and perfection. *Knapp v. Knapp*, 24 Ohio St.3d 141, 144, 493 N.E.2d 1353 (1986). Finality requires each lawsuit end at some point, thus producing certainty and public confidence in the judicial system's ability to resolve disputes. *Id.* at 144-145. Perfection requires that every case be litigated until a perfect result is achieved. *Id.* at 145. The Ohio Supreme Court has stated the purpose of Civ.R. 60 is to afford "relief in the interest of justice." *Blasco v. Mislik*, 69 Ohio St.2d 684, 687-688, 433 N.E.2d 612 (1982). Any doubt should be resolved in favor of the motion to vacate so that cases may be decided on the merits. *GTE Automatic Electric* at 151.

{¶15} The case before us is not a typical Civ.R. 60(B) case. This is not a case where a party failed to answer, appear, or file a timely response. This is not a case where the case was decided on a procedural aspect, rather than on the merits. This is not a case where a party did not get their day in court. This case proceeded to a full trial that lasted roughly five days. The jury returned a defense verdict. A timely motion for new trial was filed. Appellees timely responded and Appellant filed a reply. The trial court denied the motion for new trial after considering those filings. Counsel for Appellant claims he did not receive the mailed copy of the judgment denying the motion for new trial. Counsel assets when he did finally become aware

of the judgment his 30 day time limit to appeal the jury verdict and motion for new trial ruling had expired. In the motion to vacate, Appellant acknowledged the motion to vacate was not made so the trial court could reconsider its ruling, but rather to enable Appellant to perfect an appeal:

> Specifically, the plaintiffs request an Order finding that the requirements of Civ.R. 58(B) were not complied with, and that they were not served with a copy of the July 21 Order. Furthermore, the plaintiffs ask the court to vacate the July 21 Order and prepare a new Order, which can then be entered and served pursuant to Civ.R. 58(B). In this way, the plaintiffs' appeal rights will be fully protected.

8/27/15 Motion to vacate.

{¶16} Appellees assert below and on appeal that there was compliance with Civ.R. 58, and as such, "[t]he failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)." Civ.R. 58(B). It appears Appellees are of the position that relief under Civ.R. 60(B) is not applicable in this instance.

{¶17} Ohio Appellate Rule 4(A) states an appeal from a final order must be filed within 30 days of the entry. App.R. 4(A)(1). Subsection (3) indicates that in a civil case, "if the clerk has not completed service of the order within the three-day period prescribed in Civ.R. 58(B), the 30-day periods referenced in App.R. 4(A)(1) and 4(A)(2) begin to run on the date when the clerk actually completes service." App.R. 4(A)(3). Civ.R. 58(B) provides within three day of entering the judgment, the clerk must serve the parties in a manner prescribed by Civ.R. 5(B) and note the service on the docket. Civ.R. 58(B). The final sentence of the section states, "The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)." Civ.R. 58(B). Under Civ.R. 5(B) service is completed upon mailing the order to the person's last known address by United States mail. Civ.R. 5(B)(2)(c).

{¶18} Appellant asserts the affidavits attached to the motion to vacate indicating counsel did not receive the denial of the motion for new trial is

"circumstantial proof that the clerk did not comply with its duty under Civ.R. 58." Appellate Brief. This court finds no merit with that argument.

{¶19} It is undisputed that the docket contains notations compliant with Civ.R. 58. On July 21, 2015, the trial court entered the order denying the motion for new trial. The clerk on that same date noted on the docket the entry was sent by regular mail to Attorney Scott Blass. The address listed on the docket is the address listed on all court documents. Therefore, despite Appellant's contention to the contrary, the record in this instance indicates the clerk complied with Civ.R. 58(B).

{¶20} Ohio Supreme Court case law indicates the actions taken by the clerk complied with Civ.R. 58(B). *State ex rel. Smith v. Fuerst*, 89 Ohio St.3d 456, 732 N.E.2d 983 (2000). In that case, Smith filed a mandamus action against the clerk of courts seeking to have the court order the clerk to comply with Civ.R. 58(B). Smith claimed that although the docket showed he was mailed the order denying him post-conviction relief, he did not receive the order. He provided evidence from the penitentiary where he was housed showing he did not receive any legal mail the month the notice was mailed. The Ohio Supreme Court explained:

> Fuerst [Clerk of Courts] mailed notice of the October 17, 1996 entry to Smith. Under Civ.R. 5(B), service was complete upon mailing. And Fuerst noted in the docket that service had been made. Therefore, Fuerst complied with his duty to serve the entry on Smith, and mandamus will not issue to compel an act that has already been performed.

Citation omitted. *Id.* at 457.

{¶21} Although Appellant may not have received the mailing, that does not provide proof the clerk did not comply with Civ.R. 58, especially when the docket indicates there was compliance. *State ex rel. Smith v. Fuerst*, 8th Dist. No. 77325, 2000 WL 146531 (Feb. 10, 2000) ("The fact that relator's evidence indicates he may not have received the notice does not demonstrate that the clerk of court failed to comply with the duty to send the notice."). Appellant fails to acknowledge that between the clerk placing the judgment in the mail and entering a notation on the

docket, and Appellant receiving the mail there is another intervening force, the United States Postal Service. The clerk's duty ended upon mailing the judgment and entering a notation on the record. The rules do not require the clerk to ensure the mail actually arrives at the party's place of business or home. Sometimes letters get lost in the mail and when they do that does not mean the clerk failed to perform its duty.

{¶22} Appellant also cites this court to *DeFini v. Broadview Hts.* for the proposition that the affidavits from Appellant's counsel demonstrate the clerk did not comply with Civ.R. 58(B). 76 Ohio App.3d 209, 601 N.E.2d 199 (8th Dist.1991). This court disagrees; the case at hand does not align with *DeFini* to the extent Appellant claims. In *DeFini*, the court of common pleas granted summary judgment on August 28, 1989. *Id.* at 212. The court's judgment entry was journalized on August 29, 1989. *Id.* The clerk of courts never entered the judgment into the court's computer journal until November 24, 1989. *Id.* A post card notice was allegedly sent out after the judgment was entered in the court's computers. *Id.* That notice was not received by DeFini until November 28, 1989. *Id.* DeFini filed a Civ.R. 60(B) motion, which was granted. *Id.* Following the reentering of the summary judgment order, DeFini appealed the trial court's grant of summary judgment for Broadview Heights and Broadview Heights filed a cross appeal claiming the common pleas court erred in granting the motion to vacate.

{¶23} The appellate court in *DeFini* discussed App.R. 4, Civ.R 58 and Civ.R 60(B) at length. It held the trial court properly granted the Civ.R. 60(B) motion, but in making that holding it also acknowledged Civ.R. 60(B) was not needed to preserve DeFini's appeal rights; "[O]n the authority of App.R. 4(A), it was not necessary to file a Civ.R. 60(B) motion. Appellant could have filed his notice of appeal within thirty days from the date the notice of the trial court's judgment was served on him." *Id.* at 214. Thus, in *DeFini*, Civ.R. 60(B) was not needed to ensure DeFini's right to appeal the summary judgment for Broadview Heights; the time to appeal did not begin to run until actual service since the clerk did not mail the notice within three days pursuant to Civ.R. 58(B).

{¶24} Regardless, *DeFini* addressed Civ.R. 60(B) and held there was no abuse of discretion in granting the motion. However, that case is factually distinguishable. In finding the motion to vacate was properly granted, the appellate court noted an affidavit by Linda Graves, an employee of the common pleas' Central Scheduling Department. *Id.* She avowed:

> I escorted Mr. Heffernan [counsel for appellant] to the first floor Clerk's Office to determine whether or not a post card notice had been issued on that ruling.
>
> * * *
>
> 4. After having checked the computer entries, the microfiche records pertaining to post card mailing notices, and the civil post card proof sheet, an official record of the Common Pleas Court of Cuyahoga County, I determined that no mail service had been issued on that ruling.

*Id.*

{¶25} In the instant case, there is no affidavit from the clerk indicating notice was not sent. The docket here indicates notice was sent. Appellant's affidavits do not refute the docket like the clerk's affidavit in *DeFini* did. As explained above, the clerk's job is completed when the notice is mailed and such mailing is noted on the docket. The clerk does not ensure actually delivery.

{¶26} Despite those distinctions and language in App.R. 4 and Civ.R. 58(B), the Ohio Supreme Court has held Civ.R. 60(B) is the proper avenue to attack a judgment when the claim is a party did not receive notice. *Fuerst*, 89 Ohio St.3d at 457. *See also Frazier v. Cincinnati School of Med. Massage*, 1st Dist. No. C-060359, 2007-Ohio-2390, ¶ 4 (a Civ.R. 60(B) motion is the proper remedy when the clerk serves notice, but a party claims not to have received it-the motion might well involve an evidentiary hearing.). As aforementioned, in *Fuerst*, Smith filed a mandamus action against the clerk of courts seeking to have the court order the clerk to re-serve the notice that he did not receive. *Fuerst.* The docket in *Fuerst* indicated the clerk

had served the notice in compliance with Civ.R. 58. *Id.* In addition to stating mandamus does not lie to compel an act already performed, the Ohio Supreme Court explained, "Smith had adequate remedies at law by a Civ.R. 60(B) motion for relief from judgment or appeal to raise his claim that he was entitled to additional time to perfect his appeal from the October 17, 1996 judgment." *Fuerst.* In the Eighth District Court decision in *Fuerst*, the court stated the adequate remedy lies through the use of Civ.R. 60(B)(5) to raise the issue of failing to receive notice of a final judgment which prevented a timely appeal. *State ex rel. Smith v. Fuerst*, 8th Dist. No. 77325, 2000 WL 146531 (Feb. 10, 2000).

**{¶27}** Consequently, a party claiming it did not receive notice of the judgment, even though there was compliance with Civ.R. 58(B), may attack the judgment through a Civ.R. 60(B) motion. Appellant's use of a Civ.R. 60(B) motion in this instance was permitted.

**{¶28}** Since Civ.R. 60(B) is the proper means to attack the July 21, 2015 denial of the motion for new trial, we must now determine whether the three prongs of Civ.R. 60(B) have been met. As aforementioned, the *GTE* requirements for a Civ.R. 60(B) are: (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Electric Inc.*, 47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be found before the movant is entitled to relief.

**{¶29}** The third requirement, time, is easily met here. The trial court denied the motion for new trial on July 21, 2015. Appellant's time to appeal that judgment and the jury verdict began to run at that point in time. Thus, Appellant's notice of appeal was required to be filed by August 20, 2015. Counsel for Appellant avers he did not find out about the trial court's order until the online docket was checked on August 24, 2015. The motion to vacate was filed three days later on August 27, 2015. Thus, the motion was timely.

**{¶30}** The first requirement of Civ.R. 60(B) is a meritorious defense. It has been explained, a meritorious defense means a defense "going to the merits, substance, or essentials of the case. * * * Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside. * * *." (Citations omitted.) GMAC *Mortgage, L.L.C. v. Herring*, 189 Ohio App.3d 200, 2010–Ohio–3650, 937 N.E.2d 1077, ¶ 32 (2d Dist.).

**{¶31}** Here, the motion to vacate asserted the same three arguments set forth in the new trial motion - the exclusion of live testimony from the expert, the number of peremptory challenges Appellees were permitted, and the trial court's determination that privilege was not waived when Appellees' witnesses testified to facts that were only found in a report that was earlier deemed to be privileged and not accessible to Appellant. Appellees claim there is no merit with these arguments.

**{¶32}** Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). Each of the issues raised are legal issues, not factual. If those arguments are deemed meritorious and not harmless, Appellant would be entitled to a new trial. Merely alleging them is adequate to meet a meritorious defense in this instance.

**{¶33}** Furthermore, whether Appellant will prevail on those arguments on appeal is secondary to whether Appellant will be able to exercise the right to appeal. This is a right that cannot be deprived without due process and may constitute part of the meritorious defense. The Ohio Supreme Court has explained:

> The hypothesis underlying any requirement of reasonable notice is that the right to appeal is a property interest that cannot be denied without due process of law. While the United States Supreme Court has long held that a "right" to appeal is not found in the Constitution, *McKane v. Durston* (1894), 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867, the court has also held that where a state provides a process of appellate review, the procedures used must comply with constitutional dictates of due

process and equal protection. *Griffin v. Illinois* (1956), 351 U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891.

The Ohio Constitution does not specifically provide for a "right" to appeal. Section 3(B)(1)(f), Article IV of the Constitution provides, however, for the establishment of an appellate court system with jurisdiction "[i]n any cause on review as may be necessary to its complete determination."6 Further, R.C. 2505.03, at the time relevant herein, provided that "[e]very final order, judgment, or decree of a court * * * may be reviewed * * * unless otherwise provided by law * * *." In addition, Ohio has adopted Appellate Rules that make every litigant entitled to "[a]n appeal as of right * * * by filing a notice of appeal * * * within the time allowed * * *." App.R. 3(A).

By developing a process of appellate review, states provide litigants with a property interest in the right to appeal. Clearly litigants cannot be deprived of this right without being granted due process of law.

*Atkinson v. Grumman Ohio Corp.*, 37 Ohio St.3d 80, 84-85, 523 N.E.2d 851 (1988). In that opinion, the Court promulgated the following rules:

A. Within three days of the entry of any final appealable judgment or order, the clerk of courts shall serve a notice of the entry in any manner provided in Civ.R. 5, upon every party who is not in default for failure to appear.

B. The clerk shall make a notation in the case docket indicating that the required service has been made.

C. Once the clerk has served notice of the entry and entered the appropriate notation in the docket, the notice shall be deemed to have been served. The failure of any party to receive such notice shall not affect the validity of the judgment or the running of the time for appeal.

*Id.* at 86.

**{¶34}** Although there was compliance with these rules, Civ.R. 60(B) is still permitted to be used to indicate notice was not received. *Fuerst*, 89 Ohio St.3d at 457. Thus, Civ.R. 60(B) can be used as the merit defense in a situation like this, where the movant is effectively being denied the right to appeal. Consequently, for those reasons, we conclude the first prong in *GTE* is met.

**{¶35}** The second prong of *GTE* is one of the grounds stated in Civ.R. 60(B)(1) through (5). In her appellate brief, Appellant claims her ground for relief is Civ.R. 60(B)(1) - mistake, inadvertence, surprise or excusable neglect.

**{¶36}** It is noted, "[t]here is no bright line test for determining whether a party's reasons for failure to enter an appearance constitute mistake, inadvertence, or excusable neglect." *LaSalle Natl. Bank v. Mesas*, 9th Dist. No. 02CA008028, 2002–Ohio–6117, ¶ 13. Inadvertence means "[a]n accidental oversight; a result of carelessness." Black's Law Dictionary (9th ed.2009). There is no definitive definition of excusable neglect. However, it has been described in the negative; "the inaction of a defendant is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.'" *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 (1996), quoting *GTE Automatic Elec., Inc.*, 47 Ohio St.2d at 153. The determination of whether neglect is excusable or inexcusable takes into consideration all the surrounding facts and circumstances, and courts should be mindful that cases should be decided on their merits, rather than procedural grounds. *Griffey*, 33 Ohio St.3d at 79–81.

**{¶37}** In this instance, part of the mistake, inadvertence or excusable neglect that Appellant claims occurred was by the clerk of courts. She is asserting the notice was not mailed (despite the notation indicating otherwise). The mistake, inadvertence or excusable neglect contemplated by Civ.R 60(B)(1) is for mistake, inadvertence or excusable neglect of the party, not the court. *Minear v. Palkovic*, 7th Dist. Mahoning No. 09-MA-61, 2009-Ohio-6752, ¶ 21 (mistake or inadvertence); *Genhart v. David*, 7th Dist. No. 10 MA 144, 2011-Ohio-6732, ¶ 17 (mistake). However, Appellant's argument also includes mistake, excusable neglect or

inadvertence for not knowing of the judgment and/or failing to timely file a notice of appeal. Under this reason there is a potential basis for finding that such action, given these facts, could fall under Civ.R. 60(B)(1). We have done case reviews setting forth when appellate courts have deemed there to be excusable neglect. *WFMJ Television, Inc. v. AT & T Fed. Systems CSC*, 7th Dist. No. 01 CA 69, 2002-Ohio-3013, ¶ 19. Excusable neglect has been found where a bookkeeper failed to forward the complaint to the appropriate person. *Id.* citing *Sycamore Messenger, Inc. v. Cattle Barons, Inc.*, 31 Ohio App.3d 196, 509 N.E.2d 977 (1986). Excusable neglect was found where service was properly made on a corporation but a corporate employee failed to forward the summons and complaint to the appropriate person; the president submitted an affidavit stating neither he nor the general manager received the summons. *WFMJ*, citing *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 607 N.E.2d 914 (4th Dist.1992). The Tenth Appellate District has also found excusable neglect when service is properly obtained on the corporation, but an employee fails to properly forward the complaint. WFMJ citing *Perry v. General Motors Corp.*, 113 Ohio App.3d 318, 680 N.E.2d 1069 (10th Dist.1996).

{¶38} The facts of this case could be deemed comparable to those situations. In filing the motion for Civ.R. 60(B), Appellant provided affidavits from two attorneys indicating the procedure followed after mail is received at the law firm, and both attorneys avowed they did not receive the notice in the mail. The actions of the attorneys, if believed, do not show a complete disregard for the judicial system. Consequently, Civ.R. 60(B)(1) could be applicable if the affidavits from the attorneys is believed.

{¶39} Given the facts of this case, the first and third prongs of the *GTE* test were clearly met. However, the trial court should have held an evidentiary hearing to determine whether Civ.R. 60(B)(1) was met, i.e. was the attorneys' excuse for failing to file a timely notice of appeal believable. Admittedly, no request for a hearing was made to the trial court. That said, it has been held, "[w]here a timely filed Civ.R. 60(B) motion alleges operative facts warranting relief, the trial court should grant a hearing to take evidence and either discredit or verify those facts before ruling on the

motion." *Waterford Tower Condominium Assn. v. TransAmerica Real Estate Group*, 10th Dist. No. 05AP-593, 2006-Ohio-508, ¶ 24. *See also, Frazier*, 2007-Ohio-2390, at ¶ 4 (a Civ.R. 60(B) motion is the proper remedy when the clerk serves notice, but a party claims not to have received it - the motion might well involve an evidentiary hearing.). The Tenth Appellate District has further stated, "when a Civ.R. 60(B) motion, though unsupported by evidentiary materials, sets forth with sufficient specificity facts that, if true, would justify relief, the trial court abuses its discretion if it overrules such a motion without sua sponte conducting an evidentiary hearing." *Waterford Tower Condominium Assn*. citing *Your Financial Community of Ohio, Inc. v. Emerick*, 123 Ohio App.3d 601, 608 (10th Dist.1997). We agree with our sister district and hold, given the facts of this case, the trial court abused its discretion in failing to sua sponte hold an evidentiary hearing prior to ruling on Appellant's Civ.R. 60(B) motion.

**{¶40}** Therefore, for all of the reasons expressed above, the sole assignment of error has merit. The trial court's denial of the Civ.R. 60(B) motion is reversed and the matter is remanded for an evidentiary hearing.


Waite, J., concurs.

DeGenaro, J., concurs.