[Cite as *4 Quarters, L.L.C. v. Hunter*, 2022-Ohio-1448.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

4 QUARTERS, LLC,

Plaintiff-Appellee,

v.

C. H. HUNTER, HIS UNKNOWN HEIRS,DEVISEES, SPOUSES, EXECUTORS, ADMINISTRATORS, RELICTS, NEXT OF KIN, AND ASSIGNS, et al.,

Defendants-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 BE 0035**

---

Appellant's Application for Reconsideration

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Ryan M. Regel*, Yoss Law Office, LLC, P.O. Box 270, 122 North Main Street, Woodsfield, Ohio 43793, for Plaintiff-Appellee

*Atty. Nils Peter Johnson*, Johnson & Johnson, 12 West Main Street, Canfield, Ohio 44406, for Defendant-Appellant.

Dated: April 4, 2022

**PER CURIAM.**

{¶1} Appellant C.H. Ruble has filed an Application for Reconsideration pursuant to App.R. 25(B). He raises two assignments of error asserting various issues. For the reasons provided, Appellant's application for reconsideration is denied.

Factual and Procedural History

{¶2} On October 29, 2019, the trial court granted Appellee 4 Quarters, LLC's motion for default judgment based on the failure of any heirs to a mineral interest to respond to the notice of filing a Marketable Title Act complaint. *4 Quarters, LLC v. Hunter*, 7th Dist. Belmont No. 20 BE 0035, 2021-Ohio-3586, ¶ 5. On July 21, 2020, Appellant filed a Civ.R. 60(B) motion to vacate the judgment. The trial court denied the motion after holding a hearing on the matter.

{¶3} On appeal, Appellant argued that the trial court lacked personal jurisdiction, as the court improperly permitted service of the complaint by publication. Appellant also argued that the court failed to undertake the appropriate Civ.R. 60(B) analysis. We affirmed the judgment of the trial court, holding that the court had personal jurisdiction and that Appellant failed to provide sufficient evidence and arguments to allow for a Civ.R. 60(B) analysis to be undertaken.

{¶4} On October 8, 2021, Appellant filed the instant action. Confusingly, it is entitled "Application for Reconsideration," but is based on their argument that our decision

Case No. 20 BE 0035

"creates a conflict." Because of the filing's title and Appellant's failure to request certification, we construe the filing as an application for reconsideration and not a motion seeking to certify a conflict.

Reconsideration

> The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

**{¶5}** App.R. 26(A)(1)(a) states, in relevant part: "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)."

**{¶6}** Appellant's judgment was mailed to his counsel and a note relevant to this mailing was placed on the docket on September 30, 2021. His application was filed on October 8, 2021, thus is timely.

**{¶7}** As noted by Appellee, this case turned solely on the issue of personal jurisdiction. This is due to the fact that Appellant failed to provide this Court with sufficient arguments or a sufficient record to review his Civ.R. 60(B) claim. Specifically, Appellant failed to include all deeds within the chain of title in order to review his inheritance

argument. As to the remaining assertions, they were speculative and based on hypothetical situations. While Appellant is correct that Civ.R. 60(B) does not require him to definitively prove a defense, he must provide enough information to show that he does, in fact, have a valid defense to raise. As we noted in our Opinion, "Appellant advances no possible defense other than that documents 'might' be within the chain of title that 'might' provide a defense." *4 Quarters* at ¶ 39. Further, we noted that Appellant vaguely argued that an inconsistency in the deed language might be relevant, but did not explain either the inconsistency or its relevance. We note that although Appellant did not provide us with sufficient evidence or arguments, we did address his claims on the issue to the extent possible. *Id.* at ¶ 34-40.

{¶8} As to Appellant's contention that our Opinion conflicts with *Summers v. Lancia Nursing Homes, Inc.*, 7th Dist. Belmont No. 15 BE 0063, 2016-Ohio-7935, 76 N.E.3d 653, his argument is misplaced. In *Summers,* the issue before this Court was whether Civ.R. 60(B) applies where a trial proceeds to judgment but one of the parties was not aware of the resulting judgment. A second issue in that case pertains to a decision by the trial court to forgo an evidentiary hearing. Neither of these scenarios are before us, here.

{¶9} It is clear from Appellant's arguments that he merely disagrees with the decision of and logic used by this Court, which is not an appropriate basis for reconsideration. "Reconsideration motions are rarely considered when the movant simply disagrees with the logic used and conclusions reached by an appellate court." *Perdue* at ¶ 7, citing *State v. Himes*, 7th Dist. Mahoning No. 08 MA 146, 2010-Ohio-332, ¶ 4; *Victory*

*White Metal Co. v. Motel Syst.*, 7th Dist. Mahoning No. 04 MA 245, 2005-Ohio-3828;

*Hampton v. Ahmed*, 7th Dist. Belmont No. 02 BE 66, 2005-Ohio-1766.

<u>Conclusion</u>

{¶10} As Appellant merely disagrees with the decision of this Court and its logic, his application to reconsider is denied.

**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

<u>Case No. 20 BE 0035</u>