[Cite as *Jones v. Jones*, 2026-Ohio-1966.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MONROE COUNTY

BROCK JONES,

Plaintiff-Appellee,

v.

MERANDA M. RUSSELL JONES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 MO 0010

---

Civil Appeal from the
Court of Common Pleas of Monroe County, Ohio
Case No. 2019-066

**BEFORE:**
Katelyn Dickey, Cheryl L. Waite, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Kristy N. Rothenbuhler,* Rothenbuhler Law Office, LLC, and *Atty. Ryan M. Regel*, Regel Law Office, LLC, for Plaintiff-Appellee and

*Atty. Austin T. Warehime,* Eques, Inc., for Defendant-Appellant.

Dated: May 27, 2026

**DICKEY, J.**

{¶1} Appellant, Meranda M. Russell Jones, appeals from the October 28, 2025 judgment of the Monroe County Court of Common Pleas denying without a hearing her August 26, 2025 "Motion for New Trial Under Civ.R. 59 and Relief from Judgment Pursuant to Civ.R. 60(B) and Request for Emergency Stay of Custody Order under Civ.R. 62." On appeal, Appellant raises six assignments of error: (1) the trial court lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") (June 5, 2025 judgment); (2) the court erred in denying her Civ.R. 41(B)(2) motion (June 5, 2025 judgment); (3) the custody modification was against the manifest weight of the evidence (August 21, 2025 judgment); (4) the court erred in failing to record the in-camera interview (August 21, 2025 judgment); (5) the court failed to properly apply R.C. 3109.04(E)(1)(a)(iii) (August 21, 2025 judgment); and (6) the court erred in denying post-judgment relief (October 28, 2025 judgment). For the reasons stated, the October 28, 2025 judgment is the only final order over which this court currently possesses appellate review jurisdiction. Thus, Appellant's sixth assignment of error is the only assignment properly before this court. At oral argument, however, Appellant's counsel conceded error to their argument and conceded that their sixth assignment fails. Notwithstanding Appellant's concession, we will consider and provide an analysis to this assignment, addressing the reasons as to why it is without merit. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant and Appellee, Brock Jones, were married on January 17, 2014 in Jacksonville, North Carolina. One minor child was born as issue of the marriage, to-wit: L.M.J., (d.o.b 8/21/2014) ("the minor child"). On February 25, 2019, Appellee filed a complaint for divorce in the Monroe County Court of Common Pleas. On July 9, 2019, the parties were granted a divorce. Appellant was named the primary residential parent and legal custodian of the minor child. Appellee was granted reasonable visitation and ordered to pay $400 per month in child support. The parties abided by all terms of the divorce decree for nearly six years.

Case No. 25 MO 0010

{¶3} On March 21, 2025, Appellee filed a "Motion to Modify Allocation of Parental Rights and Responsibilities" pursuant to R.C. 3109.04, asserting a substantial change in circumstances. Appellee requested the divorce decree be modified to designate him as the primary residential parent and legal custodian of the minor child.

{¶4} Thereafter, several pre-trial motions were filed by both parties. Appellee filed a "Motion for Contempt" on March 21, 2025 and a "Second Motion for Contempt" on May 5, 2025. On May 22, 2025, Appellant filed a "Motion to Dismiss [Appellee's] Motion to Reallocate," asserting the trial court did not have jurisdiction to modify the divorce decree under the UCCJEA. On June 2, 2025, Appellee filed a "Motion in Opposition to [Appellant's] Motion to Dismiss [Appellee's] Motion to Reallocate." On June 5, 2025, the trial court denied Appellant's "Motion to Dismiss [Appellee's] Motion to Reallocate."

{¶5} A custody hearing was held on June 17, 2025. Both parties presented testimony and evidence in support of their positions. On August 21, 2025, the trial court filed its "Judgment Entry on Post-Decree Motions." The court provided an in-depth analysis of its findings of fact and conclusions of law and determined that a substantial change in circumstances existed since the divorce decree. The court granted Appellee's "Motion to Modify Allocation of Parental Rights and Responsibilities," thereby giving him custody of the minor child. Appellant was granted standard visitation. The court clearly noted on the bottom of the first page of that judgment, "FINAL APPEALABLE ORDER." (8/21/2025 Judgment Entry, p. 1).

{¶6} The trial court specifically found the minor child "enjoys time visiting [Appellee] and his extended family here in Monroe County" and the minor child "struggled in school last year and was held back to repeat her grade." (*Id.* at p. 4). The court found Appellant had "[t]hreatened [Appellee] that he wouldn't see [the minor child]" calling Appellee a "deadbeat, worthless Father" and claiming that Appellee "'won't see [the minor child] ever again[.]'" (*Id.* at p. 5). The court also found Appellant "does not approve of [Appellee's] partner" and would continuously send "multiple messages to both [of them] degrading them, calling them names, and using foul language." (*Id.*). The court discovered Appellant "has moved residences multiple times since the divorce" and "leaves [the minor child] (age 10) home alone from time-to-time to look after her younger sister, . . . [age] (six)." (*Id.*). The court was concerned with the fact that Appellant testified

she "went to a restaurant and had dinner and drank, and then [she] drove" to bars and drank with her friends and smoked marijuana. (6/17/2025 Custody Hearing Tr., p. 242). The court noted that while Appellant "was charged with a DUI in May 2024[,] [t]he testimony established that case is still pending." (8/21/2025 Judgment Entry, p. 5). The court also pointed out the fact that Appellant "acknowledged to being evicted and being charged with stalking and assault (multiple times against multiple individuals)." (*Id.*). However, Appellant "testified that she was not convicted of these charges, but rather they were dropped." (*Id.*). Finally, the court noted Appellant would always become "upset or angry with [Appellee] over money or [Appellee's girlfriend]" and would "shut [Appellee] down by threatening to withhold [the minor child] from him, using [the minor child] as a pawn." (*Id.* at p. 6).

{¶7} Appellant did not appeal the foregoing August 21, 2025 judgment. Instead, on August 26, 2025, Appellant filed a "Motion for New Trial Under Civ.R. 59 and Relief from Judgment Pursuant to Civ.R. 60(B) and Request for Emergency Stay of Custody Order under Civ.R. 62" alleging newly discovered evidence. Although the caption of Appellant's motion includes "Civ.R. 59," she failed to address and provide an argument under Civ.R. 59. Rather, Appellant addressed and provided an argument under Civ.R. 60(B). In fact, in the very first paragraph of her motion, Appellant states:

> Now comes Defendant-Mother, Meranda M. Russell Jones, by and through the undersigned counsel, pursuant to Rule 60(B) of the Ohio Rules of Civil Procedure, and hereby respectfully moves this Court to grant relief from the Judgment Entry on Post-Decree Motions dated August 21, 2025, and to stay enforcement of said judgment pending resolution of this motion. Ohio Civ.R. 60, Ohio Civ.R. 62.

(8/26/2025 Appellant's "Motion for New Trial Under Civ.R. 59 and Relief from Judgment Pursuant to Civ.R. 60(B) and Request for Emergency Stay of Custody Order under Civ.R. 62," p. 1).

{¶8} Thus, Appellant cites to Civ.R. 60 and Civ.R. 62 and her argument relies on Civ.R. 60(B), not Civ.R. 59. On August 27, 2025, the trial court granted the stay. Appellee

filed a "Motion in Opposition to [Appellant's] Motion for New Trial, Relief from Judgment, and Request for Emergency Stay of Custody Order" on September 4, 2025.

**{¶9}** On October 28, 2025, the trial court denied without a hearing Appellant's August 26, 2025 "Motion for New Trial Under Civ.R. 59 and Relief from Judgment Pursuant to Civ.R. 60(B) and Request for Emergency Stay of Custody Order under Civ.R. 62." In denying Appellant's post-judgment relief motion, the court found that none of the information cited by Appellant constituted newly discovered evidence and lifted the stay, thereby reinstating its decision to designate Appellee as the primary residential parent and legal custodian of the minor child.

**{¶10}** On November 17, 2025, Appellant filed her notice of appeal only as to the trial court's October 28, 2025 judgment and raises six assignments of error.

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT LACKED UCCJEA JURISDICTION.**

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN DENYING APPELLANT'S CIV.R. 41(B)(2) MOTION.**

## ASSIGNMENT OF ERROR NO. 3

**THE CUSTODY MODIFICATION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.**

## ASSIGNMENT OF ERROR NO. 4

**THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO RECORD THE IN-CAMERA INTERVIEW.**

## ASSIGNMENT OF ERROR NO. 5

**THE TRIAL COURT FAILED TO PROPERLY APPLY R.C. 3109.04(E)(1)(a)(iii).**

{¶11} In her first assignment of error, Appellant argues the trial court lacked UCCJEA jurisdiction. In her second assignment of error, Appellant contends the court erred in denying her Civ.R. 41(B)(2) motion. A review of Appellant's first and second assignments of error reveal that they stem from the underlying June 5, 2025 judgment denying Appellant's "Motion to Dismiss [Appellee's] Motion to Reallocate." *See* (2/13/2026 Appellant's Brief, p. 8-13).

{¶12} In her third assignment of error, Appellant asserts the custody modification was against the manifest weight of the evidence. In her fourth assignment of error, Appellant claims the trial court erred in failing to record the in-camera interview. In her fifth assignment of error, Appellant argues the court failed to properly apply R.C. 3109.04(E)(1)(a)(iii). A review of Appellant's third, fourth, and fifth assignments of error reveal that they stem from the underlying August 21, 2025 judgment granting Appellee's "Motion to Modify Allocation of Parental Rights and Responsibilities" which gave him custody of the minor child. *See* (2/13/2026 Appellant's Brief, p. 13-23).

{¶13} Appellant asks this court to consider all of her assignments of error pursuant to App.R. 4(B) because she filed a "Motion for New Trial Under Civ.R. 59 and Relief from Judgment Pursuant to Civ.R. 60(B) and Request for Emergency Stay of Custody Order under Civ.R. 62."

{¶14} App.R. 4, "Appeal as of right--when taken," states in part:

(A) Time for Appeal.

*(1) Appeal from Order That Is Final Upon Its Entry.* Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry.

. . .

(B) Exceptions. The following are exceptions to the appeal time period in division (A) of this rule:

. . .

Case No. 25 MO 0010

(2) *Civil or Juvenile Post-Judgment Motion.* In a civil case or juvenile proceeding, if a party files any of the following, if timely and appropriate:

(a) a motion for judgment under Civ.R. 50(B);

(b) a motion for a new trial under Civ.R. 59;

(c) objections to a magistrate's decision under Civ.R 53(D)(3)(b) or Juv.R. 40(D)(3)(b);

(d) a request for findings of fact and conclusions of law under Civ.R. 52, Juv.R. 29(F)(3), Civ.R. 53(D)(3)(a)(ii) or Juv.R. 40(D)(3)(a)(ii);

(e) a motion for attorney fees; or

(f) a motion for prejudgment interest,

then the time for filing a notice of appeal from the judgment or final order in question begins to run as to all parties when the trial court enters an order resolving the last of these post-judgment filings.

App.R. 4(A)(1) and (B)(2)(a)-(f).

{¶15} The August 21, 2025 judgment is a final appealable order because it substantively resolved the allocation of parental rights and responsibilities of the minor child. As stated, instead of filing an appeal from that judgment, on August 26, 2025, Appellant filed a "Motion for New Trial Under Civ.R. 59 and Relief from Judgment Pursuant to Civ.R. 60(B) and Request for Emergency Stay of Custody Order under Civ.R. 62" alleging newly discovered evidence. The caption of Appellant's motion includes "Civ.R. 59." However, Appellant failed to address and provide an argument under Civ.R. 59. Rather, Appellant addressed and provided an argument under Civ.R. 60(B). In fact, in the very first paragraph of her motion, Appellant cites to and argues Civ.R. 60(B). Although App.R. 4(B) lists Civ.R. 59 as an exception to the appeal time period, it does not include Civ.R. 60(B), which is at issue in the case at bar.

Case No. 25 MO 0010

{¶16} On October 28, 2025, the trial court denied Appellant's August 26, 2025 motion. Appellant filed her notice of appeal only as to the trial court's October 28, 2025 judgment. Thus, the October 28, 2025 judgment is the only final order over which this court currently possesses appellate review jurisdiction. Appellant did not seek appellate review of the trial court's August 21, 2025 judgment granting Appellee's "Motion to Modify Allocation of Parental Rights and Responsibilities" which gave him custody of the minor child (a final appealable order) or the June 5, 2025 judgment denying Appellant's "Motion to Dismiss [Appellee's] Motion to Reallocate" (which became final and merged into the court's August 21, 2025 judgment).

{¶17} Regarding the June 5, 2025 judgment, generally the denial of a motion to dismiss is not itself a final appealable order. *See Copenhaver v. Copenhaver*, 2005-Ohio-4322, ¶ 6 (4th Dist.). However, based on the facts presented in this case, that judgment became final and merged into the trial court's August 21, 2025 judgment which was not separately appealed.

{¶18} Again, the trial court clearly noted on the bottom of the first page of the August 21, 2025 judgment, "FINAL APPEALABLE ORDER." (8/21/2025 Judgment Entry, p. 1). A trial court's designation or labeling of an entry as a "final appealable order" is generally of no import and cannot convert an otherwise non-final order into a final one, with the notable exception of Civ.R. 54(B) certification language. *See generally In re Murray*, 52 Ohio St.3d 155, 157 (1990); *G. Scottco Invest. Co. v. Korleski*, 2011-Ohio-6656, ¶ 9 (10th Dist.). Here, the August 21, 2025 judgment is a final appealable order because it substantively resolved the allocation of parental rights and responsibilities of the minor child. Thus, the finality of the August 21, 2025 judgment rests on its substance, not on the trial court's label.

{¶19} Therefore, because Appellant's first and second assignments of error stem from the underlying June 5, 2025 judgment and Appellant's third, fourth, and fifth assignments of error stem from the underlying August 21, 2025 judgment (for which Appellant did not seek appellate review), they are not properly before this court. The October 28, 2025 judgment is the only final order over which this court currently possesses appellate review jurisdiction.

{¶20} Before proceeding to Appellant's sixth assignment of error, we find it necessary to briefly address the jurisdictional argument raised in Appellant's first assignment of error and discussed at oral argument alleging that the trial court lacked proper jurisdiction, thereby making its June 5, 2025 judgment (which became final and merged into the court's August 21, 2025 judgment) void.

{¶21} It appears Appellant is confusing personal jurisdiction and subject matter jurisdiction which is a legally significant error because the two forms of jurisdiction carry entirely different consequences and attributes. Personal jurisdiction (the court's power over the *parties* to a lawsuit) is waivable, whereas subject matter jurisdiction (the court's power over the *type of case*) is never waivable. *See Pratts v. Hurley*, 2004-Ohio-1980, ¶ 11.

{¶22} Under Ohio law, a domestic relations court's subject matter jurisdiction is conferred by statute and the Ohio Constitution and cannot be waived. *See* R.C. 3105.011; Article IV, Section 4(B) of the Ohio Constitution. Because subject matter jurisdiction exists as a matter of law, any error in the *exercise* of that jurisdiction renders the resulting judgment voidable, not void.

{¶23} Although a void judgment can be challenged at any time, a voidable judgment cannot. *See Saadi v. American Family Insurance Co.*, 2021-Ohio-2360, ¶ 26 (7th Dist.); *State ex rel. Romine v. McIntosh*, 2020-Ohio-6826, ¶ 12. A voidable judgment is presumptively valid and must be challenged through a timely direct appeal. *McIntosh* at ¶ 12. If not, a voidable judgment becomes final and binding and further collateral attacks are barred. Any argument that re-characterizes personal jurisdiction concerns as subject matter jurisdiction concerns does not transform the judgment from voidable to void. It is clear that Appellant filed her notice of appeal only as to the trial court's October 28, 2025 judgment.

{¶24} With that jurisdictional clarification, we now turn to Appellant's sixth assignment of error.

## ASSIGNMENT OF ERROR NO. 6

**THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING POST-JUDGMENT RELIEF.**

Case No. 25 MO 0010

**{¶25}** In her sixth assignment of error, Appellant maintains the trial court erred in denying post-judgment relief. As stated, at oral argument, however, Appellant's counsel conceded error to their argument and conceded that this assignment fails. Notwithstanding Appellant's concession, we will consider and provide an analysis to this assignment, addressing the reasons as to why it is without merit.

> In order to prevail on a Civ.R. 60(B) motion, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *Ohio Receivables, LLC v. Millikin*, 7th Dist. Columbiana No. 17 CO 0038, 2018-Ohio-3734, ¶ 19, quoting *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Courts are not required to hold a hearing on a Civ.R. 60(B) motion unless the motion and accompanying materials contain operative facts to support relief under Civ.R. 60(B). *Id.* at ¶ 19, citing *Summers v. Lancia Nursing Homes, Inc.*, 2016-Ohio-7935, 76 N.E.3d 653, ¶ 40 (7th Dist.).

> The standard of review used to evaluate the trial court's decision to grant or deny a Civ.R. 60(B) motion is abuse of discretion. *Ohio Dept. of Job & Family Servs. v. State Line Plumbing & Heating, Inc.*, 7th Dist. Mahoning No. 15 MA 0067, 2016-Ohio-3421, ¶ 12. . . .

*Paczewski v. Antero Resources Corp.*, 2019-Ohio-2641, ¶ 26-27 (7th Dist.).

**{¶26}** An abuse of discretion occurs when a court exercises its judgment "in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

**{¶27}** In this case, Appellant's August 26, 2025 Civ.R. 60(B) motion was clearly filed within one year of the trial court's August 21, 2025 judgment, thereby making it timely

filed. (*GTE* third prong). The two main issues here are whether Appellant has demonstrated a meritorious defense or claim (*GTE* first prong) and whether she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5) (*GTE* second prong).

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

Civ.R. 60(B).

**{¶28}** Regarding the *GTE* first prong, Appellant asserts she has demonstrated "a meritorious defense or claim" that would justify granting her Civ.R. 60(B) motion. "Meritorious" is defined as, "worthy of legal victory; having enough legal value to prevail in a dispute." *Black's Law Dictionary* (12th Ed. 2024). Appellant's motion reveals no allegations or evidentiary materials setting forth operative facts which would support a meritorious defense or claim.

**{¶29}** We note that in her Civ.R. 60(B) motion before the trial court, Appellant cited to and relied on Civ.R. 60(B)(2) and (5). In her brief and reply brief before this court, Appellant additionally includes an argument related to Civ.R. 60(B)(4). However, because Appellant failed to raise any issue under Civ.R. 60(B)(4) below, it is not properly before this court to consider now. *See In re Estate of Myers*, 2006-Ohio-3099, ¶ 48 (7th Dist.). Thus, Appellant rests on arguments of entitlement for relief under Civ.R. 60(B)(2) and (5).

**{¶30}** Regarding the *GTE* second prong, Appellant argues she is entitled to relief under Civ.R. 60(B)(2) ("newly discovered evidence") and (5) ("any other reason justifying relief").

**{¶31}** First, Appellant claims she is entitled to relief under Civ.R. 60(B)(2). In support of her motion for post-judgment relief, Appellant essentially argued four purported instances of "newly discovered evidence" (which occurred after the June 17, 2025 custody hearing). First, Appellant referenced an allegation of self-harm from the minor child that Appellant acknowledges occurred on or about July 17, 2025. Second, Appellant alleged a purported threat of gun violence from a child of Appellee's girlfriend toward the parties' minor child which took place on or about July 10, 2025. Third, Appellant provided what purported to be medical records from a pediatric clinic stemming from a visit that occurred on July 17, 2025. Fourth, Appellant provided what appears to be a concerning handwritten letter that was allegedly prepared by the minor child that occurred during a visit with a Mobile Crisis Team which, by Appellant's own admission, had not yet occurred at any time prior to August 25, 2025.

> "In general, newly discovered evidence has been interpreted to mean facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *In re S.S.,* 9th Dist. Wayne No. 04CA0032, 2004-Ohio-5371, ¶ 13, citing *Schwenk v. Schwenk,* 2 Ohio App.3d 250, 253 (8th Dist.1982). Therefore, matters occurring *subsequent* to an evidentiary hearing are not considered newly discovered evidence upon which to justify the granting of a new hearing. *See Columbus & S. Ohio Elec. Co. v. Pub. Util. Comm.,* 10 Ohio St.3d 12, 13-14 (1984) (newly discovered evidence does not include evidence of matters occurring after trial); *see also Bachtel v. Bachtel,* 7th Dist. Mahoning No. 03 MA 75, 2004-Ohio-2807, ¶ 46 (newly discovered evidence cannot be evidence that did not exist prior to trial); *Schwenk* at 252 (collecting cases determining that there can be no Civ.R. 60(B) relief for evidence which has only come into existence after a trial has concluded). This limitation is well-grounded in the basic concept of finality of judgments. "To permit parties to bring up issues and facts that occurred after the trial would only serve to leave judgments unsettled and open to

challenge at any time." *Hails v. Hails,* 11th Dist. Lake No. 92–L–182, 1993 WL 407258, * 1 (Sept. 30, 1993). There must be a reasonable end to litigation. *Id.* "'To allow otherwise would mean the potential perpetual continuation of all trials in derogation of the notion of finality.'" *S.S.* at ¶ 14, quoting Fink, Greenbaum, & Wilson, *Guide to the Ohio Civil Rules of Procedure,* Section 59:14 (2003).

(Emphasis in original). *J.P. v. T.H*, 2016-Ohio-243, ¶ 25 (9th Dist.).

**{¶32}** There is no evidence to support Appellant's claim of "newly discovered evidence." In its October 28, 2025 judgment, the trial court stated the following:

By way of a summary, [Appellant] claims that she has discovered new evidence that could not have been discovered prior to the custody hearing through due diligence. Said evidence purports to show that the minor child has expressed intentions to harm herself if forced to relocate to Ohio. Also in her motion, [Appellant] discussed an action she opened in North Carolina. She filed a Domestic Violence Protection Order case regarding an alleged incident claiming that one of [Appellee's current partner's] children . . . threatened to shoot [the minor child]. At the time of [Appellant's] filing, the North Carolina action had no final order or decision. [Appellant] suggested this Court's custody ruling could directly conflict with any forthcoming decision of the North Carolina Court.

. . .

Newly discovered evidence has been defined to refer to "facts in existence at the time of trial of which the aggrieved party was excusably ignorant." *In Re S.S.*, 2004-Ohio-5371; 2004 Ohio App. LEXIS 4893 ¶ 14 (Ninth District, 2004). Accordingly, any actions or facts which occur after the trial at hand cannot be considered newly discovered evidence. . . . Under this legal standard, any "newly discovered" facts and evidence must have been in existence at the time of the oral hearing in this case which was held

Case No. 25 MO 0010

on June 17, 2025. This Court finds that, by [Appellant's] own admission, the allegation of self-harm by [the minor child] occurred on or about July 17, 2025 which is when she also relayed the same to [Appellee] by text message. Accordingly, the purported comment of self-harm is not newly discovered evidence.

Additionally, the incident [Appellant] raises in her Motion concerning a purported threat from one of [Appellee's partner's] children toward [the minor child] took place around July 10, 2025. [The minor child] returned to [Appellant's] in North Carolina on July 11, 2025, after concluding her summer vacation with [Appellee]. Again, this is not newly discovered evidence as it purportedly took place the month after the custody hearing herein.

Additionally, [Appellant] provided medical records in a supplemental filing. The visit to the Pediatric Clinic is dated July 17, 2025 which is one month after the custody hearing in this case. Said records mention the reporting of abdominal pain in reference to [the minor child's] health. The medical notes entered by the treating physician further indicate that [the minor child] "looks well, happy, answers questions freely and denied suicide ideation." Further, the Assessment and Plan Section reads, "she is not suicidal, does not have any plan to harm herself." It indicates that [Appellant] was provided with a mobile crisis card. The record indicates that [Appellant] did not contact the mobile crisis team until August 25, 2025, four (4) days after this Court issued its Judgment Entry awarding custody of [the minor child] to [Appellee]. Further, [Appellant] testified on September 3, 2025 in North Carolina at a hearing where she sought a Civil Protection Order against [Appellee's] partner, that [the minor child] had not seen a counselor or psychiatrist. The North Carolina Court denied [Appellant's] request for the Ex-Parte Protection Order.

Case No. 25 MO 0010

Also attached to [Appellant's] filing was a handwritten letter purportedly written by [the minor child]. The letter raises concerns, as it states that "my Dad is a cop and he lied to the Judge. My Mom told the truth because she told me my Dad said that Mommy don't take care of me." [The minor child] was not present at the hearing. Accordingly, it is logical to find that [Appellant] made these comments to [the minor child]. This behavior is consistent with similar behavior of [Appellant] that this Court relied upon when issuing its August 21, 2025 Judgment Entry granting [Appellee] custody.

Based upon all of the foregoing, [Appellant's] Motion is denied. . . .

(10/28/2025 Judgment Entry, p. 1-4).

**{¶33}** Upon a review of the record, because the examples of "newly discovered evidence" cited within Appellant's Civ.R. 60(B) motion are of incidents that occurred subsequent to the custody hearing, the trial court did not err in denying the motion. *See J.P.*, 2016-Ohio-243, at ¶ 25. Thus, the court did not abuse its discretion in concluding that Appellant was not entitled to relief under Civ.R. 60(B)(2) as her motion does not contain operative facts to support relief. *See Paczewski,* 2019-Ohio-2641, at ¶ 26 (7th Dist.).

**{¶34}** Second, Appellant alleges she is entitled to relief under the "any other reason justifying relief" provision in Civ.R. 60(B)(5). This "catch-all" provision, however, only applies when a more specific provision does not. *Tabor v. Tabor*, 2003-Ohio-1432, ¶ 30 (7th Dist.). The grounds for invoking Civ.R. 60(B)(5) should be substantial. *Id.* For the same reasons above, involving the specific provision in Civ.R. 60(B)(2), Appellant is not entitled to relief under Civ.R. 60(B)(5). *See Paczewski* at ¶ 26.

**{¶35}** Appellant's sixth assignment of error is without merit.

## CONCLUSION

**{¶36}** For the foregoing reasons, because the October 28, 2025 judgment is the only final order over which this court currently possesses appellate review jurisdiction,

Appellant's first through fifth assignments of error are not properly before us and her sixth assignment of error, notwithstanding her concession of error, is not well-taken. The October 28, 2025 judgment of the Monroe County Court of Common Pleas denying without a hearing Appellant's August 26, 2025 "Motion for New Trial Under Civ.R. 59 and Relief from Judgment Pursuant to Civ.R. 60(B) and Request for Emergency Stay of Custody Order under Civ.R. 62" is affirmed.

Waite, P.J., concurs.

Hanni, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Monroe County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**